J-A34029-15

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| DICK RAY HAMILTON | |
| Appellant | No. 492 MDA 2015 |

Appeal from the PCRA Order February 11, 2015
In the Court of Common Pleas of Franklin County
Criminal Division at No(s): CP-28-CR-0000640-2011

BEFORE:  PANELLA, J., OTT, J., and JENKINS, J.

MEMORANDUM BY OTT, J.:                    **FILED MARCH 21, 2016**

Dick Ray Hamilton appeals the order entered February 11, 2015, in the Franklin County Court of Common Pleas, dismissing his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. § 9541 *et seq*.  Hamilton seeks relief from the judgment of sentence of an aggregate term of 44 to 100 years' imprisonment imposed on July 5, 2012, after a jury found him guilty of two counts of rape of a child, two counts of involuntary deviate sexual intercourse ("IDSI") with a child, two counts of indecent assault, and two counts of endangering the welfare of children ("EWOC").[1] On appeal, he contends the PCRA court erred in denying his petition based on the following:  (1) trial counsel was ineffective for failing to call various

_____

[1] 18 Pa.C.S. §§ 3121(c), 3123(b), 3126(a)(7), and 4304(b), respectively.

witnesses; (2) trial counsel was ineffective for failing to object to certain prior bad acts evidence; and (3) the trial court imposed a mandatory minimum sentence, which violated the Supreme Court's mandate in *Alleyne v. United States*, 133 S.Ct. 2151 (U.S. 2013). For the reasons that follow, we affirm in part and reverse in part the order of the PCRA court, vacate the judgment of sentence, and remand for resentencing.

The following relevant facts were taken from the trial court's opinion following Hamilton's direct appeal:

> The evidence at trial established that [Hamilton] systematically abused A.B. and A.W., who were both under ten years old at the time. A.W. was also developmentally disabled. The abuse occurred inside [Hamilton's] mobile home, where he was supposed to be babysitting the victims.
>
> Police charged [Hamilton] with ten counts, all related to the sexual abuse. For his part, [Hamilton] admitted to police during questioning—and to the jury during trial—that he exposed himself to the victims. He claimed that he was medically incapable of performing intercourse, and generally denied the other allegations of physical sexual abuse.

Trial Court Opinion, 10/2/2012, at 1-2.

On March 15, 2012, a jury convicted Hamilton of the above-mentioned crimes. Hamilton filed post-trial motions, which were denied on May 11, 2012. On July 5, 2012, the court sentenced Hamilton to terms of 120-240 months' imprisonment for each IDSI and rape crime pursuant to the mandatory minimum sentencing provisions of 18 Pa.C.S. § 9718, and terms

of 60-120 months' incarceration for each indecent assault and EWOC count, all to be served consecutively.[2] He filed a direct appeal on August 3, 2012. A panel of this Court affirmed his sentence on March 22, 2013, and the Pennsylvania Supreme Court denied his petition for allowance of appeal on October 16, 2013. *See Commonwealth v. Hamilton*, 69 A.3d 1299 [1410 MDA 2012] (Pa. Super. 2013) (unpublished memorandum), *appeal denied*, 77 A.3d 1259 (Pa. 2013).

On May 21, 2014, Hamilton filed a timely PCRA petition. An evidentiary hearing was held on December 1, 2014. On February 12, 2015, the PCRA court issued an order and opinion, denying Hamilton's petition. This timely appeal followed.[3]

Based on the nature of Hamilton's first two claims, we will address them together. In his first argument, he complains trial counsel was ineffective for failing to call character witnesses, his wife, and an expert witness to testify at trial.[4] In Hamilton's second issue, he asserts trial

---

[2] The court also determined Hamilton was a sexually violent predator.

[3] On March 12, 2015, the PCRA court ordered Hamilton to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b). Hamilton filed a concise statement on April 1, 2015. The trial court issued an opinion pursuant to Pa.R.A.P. 1925(a) on May 14, 2015.

[4] Specifically, with respect to the character witnesses, Hamilton states:

Despite the existence of numerous character witnesses willing to testify on [his] behalf, trial counsel chose not to call these

*(Footnote Continued Next Page)*

counsel was ineffective for failing to object to the admission of prior bad act evidence by the Commonwealth. *Id.* at 14. By way of background, during opening statements, the prosecutor mentioned that Hamilton showed the victims pornographic videos. N.T., 3/14/2012, at 6. Hamilton claims trial counsel "should have objected immediately and moved for a mistrial upon

*(Footnote Continued)* ─────────

> witnesses. [Hamilton] also related to counsel that his wife was willing and able to testify that he had never been alone with the alleged victims. Trial counsel also did not call [Hamilton]'s wife to testify. The trial transcript is notably devoid of any testimony either from character witnesses or from [Hamilton]'s wife. The failure to call these witnesses clearly prejudiced [his] case as testimony from members of the community regarding his character and from his cohabitating wife explaining to the jury that [Hamilton] was never alone with the victims would have been extremely relevant and compelling.

Hamilton's Brief at 13. With regard to the expert witness, Hamilton contends:

> Despite [Hamilton] informing counsel of his diagnosis of erectile dysfunction, [trial] counsel failed to call an expert witness, namely [Hamilton]'s medical doctor, to testify regarding [Hamilton]'s condition and the resulting impossibility of numerous … acts alleged by the Commonwealth. A review of the trial record makes it clear that no such expert testimony was provided. Further highlighting the impact such testimony could have had is the Commonwealth's line of questioning on cross examination upon [Hamilton] taking the stand when she called into question his diagnosis of erectile dysfunction by asking, "Do you have the doctor here to talk about your problems with your not being able to be erect?" (Trial Transcript Day 2, pg. 32). Obviously, [Hamilton] did not have his doctor in court to testify to his condition due to [trial] counsel's failure to subpoena and call as a witness the doctor.

*Id.* at 13-14.

this utterance of prior bad acts of [Hamilton] which had not been disclosed to [him] or [trial] counsel pursuant to Pennsylvania Rule of Evidence 404(b)." Hamilton's Brief at 14. Additionally, he argues trial counsel did not object during direct examination of the first victim when she was asked about the videos, and counsel also improperly asked the victim about the videos during cross-examination. *Id.* at 15. Hamilton notes that it was not until after multiple Commonwealth witnesses had been called to testify that counsel requested a motion for a mistrial. *Id.* Moreover, Hamilton states counsel erred by filing a post-trial motion pursuant to Pennsylvania Rule of Criminal Procedure 720(c) (after-discovered evidence) instead of an oral motion for extraordinary relief. *Id.*[5]

Before we may address the merit of these arguments, we note that the transcript from the December 1, 2014, PCRA hearing was not included in the certified record. A review of the record reveals Hamilton's privately retained counsel did not include a request for transcripts in the March 11, 2015, notice of appeal. After inquiring, this Court discovered Franklin

---

[5] Specifically, Hamilton alleges that prior to the second and final day of trial, the Commonwealth was informed by one of the victims' mother that her daughter had been taken to the hospital and the doctors believed she had genital herpes. Hamilton's Brief at 15. Hamilton avers that he does not have genital herpes. *Id.* The PCRA court determined that the appropriate method to preserve his right to a new trial based on this evidence would have been an oral motion, instead of a post-trial motion. PCRA Court Opinion, 2/12/2015, at 14-16. As such, Hamilton claims counsel's procedural failure precluded him from being granted a new trial. Hamilton's Brief at 15.

County Court Reporter's Office never received a request to transcribe the PCRA hearing.

We note the following: "[A]n appellate court is limited to considering only the materials in the certified record when resolving an issue." ***Commonwealth v. Preston***, 904 A.2d 1, 6 (Pa. Super. 2006) (*en banc*), *appeal denied*, 916 A.2d 632 (Pa. 2007). "Simply put, if a document is not in the certified record, the Superior Court may not consider it." ***Id.*** at 7.

Moreover, this Court explained:

Where the appellant has not made the transcript of the proceedings at issue a part of the certified record, we have said:

With regard to missing transcripts, the Rules of Appellate Procedure require an appellant to order and pay for any transcript necessary to permit resolution of the issues raised on appeal. Pa.R.A.P. 1911(a). . . . When the appellant . . . fails to conform to the requirements of Rule 1911, any claims that cannot be resolved in the absence of the necessary transcript or transcripts must be deemed waived for the purpose of appellate review.

[***Preston***, 904 A.2d] at 7.

***Commonwealth v. Houck***, 102 A.3d 443, 456 (Pa. Super. 2014).[6] Accordingly, we conclude Hamilton's first two arguments, which concern ineffective assistance of trial counsel, have been waived for appellate review because he has not provided this Court the transcript from the PCRA hearing.

---

[6] Both Hamilton and the Commonwealth aver that trial counsel testified at the PCRA hearing, asserting he had a reasonable basis for his actions.

Turning to Hamilton's remaining argument, he asserts he was sentenced, in part, pursuant to the mandatory sentencing statute, 42 Pa.C.S. § 9718, which subsequently has been found to be unconstitutional, pursuant to **Alleyne** and its progeny. Hamilton's Brief at 15. Consequently, Hamilton argues his four consecutive terms of 120-240 months' imprisonment for IDSI and rape are illegal.[7]

Our standard of review is well-settled:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. In applying that mandate, an *en banc* panel of this Court, in **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), held that **Alleyne** rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1,

---

[7] The PCRA court and the Commonwealth both agree that Hamilton's sentence is illegal and a remand is necessary for re-sentencing. **See** PCRA Court Opinion, 5/14/2015, at 5-28; Commonwealth's Brief at 14.

unconstitutional. Section 9712.1, which provides for a five-year mandatory minimum prison term when a defendant possesses or is in close proximity to a firearm while selling illegal drugs, includes a provision that permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence were proven by a preponderance of the evidence. *See* 42 Pa.C.S. § 9712.1(c). The **Newman** Court held that, under **Alleyne**, Section 9712.1 "can no longer pass constitutional muster [because] it permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Newman**, **supra**, 99 A.3d at 98.

Further, the **Newman** Court found the unconstitutional provisions in Section 9712.1 were not severable from the statute as a whole. **See id.** at 101 ("We find Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected."). Recently, the Pennsylvania Supreme Court in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), applied the same reasoning when it determined that another mandatory minimum sentencing statute, 18 Pa.C.S. § 6317, was unconstitutional under **Alleyne**. The Supreme Court opined:

> In conclusion, we hold … that numerous provisions of Section 6317 are constitutionally infirm under **Alleyne**. Moreover, the remaining provisions of Section 6317, standing alone, are incomplete and are incapable of being vindicated in accord with the intent of the General Assembly. 1 Pa.C.S. § 1925. Because of the significant provisions found to violate the Constitution, which clearly express the intent of the legislature that Section 6317 is a mandatory minimum sentencing statute,

and not a substantive offense, we find the remaining unoffending provisions of Section 6317 are incapable of being severed, and we will not judicially usurp the legislative function and rewrite Section 6317 or create a substantive offense which the General Assembly clearly did not desire. Rather, we leave it to our sister branch for an appropriate statutory response to the United States Supreme Court's decision in **Alleyne.**

*Id.* at 262.

The mandatory sentencing statute applied *sub judice*, 42 Pa.C.S. § 9718, contains the same provision as in Sections 6317 and 9712.1, which permits the trial court to make factual determinations at sentencing under the relaxed preponderance of the evidence standard, and which has been found to be unconstitutional under **Alleyne**. Indeed, in **Commonwealth v. Wolfe***,* 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015), a panel of this Court held that **Section 9718** is "facially unconstitutional." **Id.** at 805 (holding "the mandatory minimum statute in this case contains the same format as the statutes struck down as facially unconstitutional in **Newman** and **Valentine**. **See** 42 Pa.C.S.A. §§ 9712(a), 9712(c), 9712.1(a), 9712.1(c), 9713(a), 9713(c), 9718(a), 9718(c). Following **Newman**'s instructions, we are required to conclude that Section 9718 is also facially unconstitutional.").

Nevertheless, our review does not end there. We "note the **Newman** Court instructed that **Alleyne** applies only to cases pending on direct appeal as of June 27, 2013, the date of the **Alleyne** decision." **Commonwealth v. Ruiz**, ___ A.3d ___, 2015 PA Super 275, *9 (Pa. Super. Dec. 30, 2015).

It is also settled that **Alleyne** does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014).[8] Furthermore, this Court also recently declined to give **Alleyne** retroactive effect to cases on timely collateral review when the defendant's judgment of sentence was finalized before **Alleyne** was decided. **See Commonwealth v. Riggle**, 119 A.3d 1058 (Pa. Super. 2015).[9]

In **Commonwealth v. Ruiz**, ____ A.3d ____, 2015 PA Super 275 [1925 MDA 2014] (Pa. Super. filed December 30, 2015), this Court once again revisited the **Alleyne** timeliness issue. It distinguished the underlying case from **Miller** and **Riggle** with respect to the fact that the defendant had filed

---

[8] In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the **Miller** Court explained:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence had become final**. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

**Id.** at 995 (citations omitted) (emphasis supplied).

[9] We note this issue is presently before an *en banc* panel of this Court. **See Commonwealth v. Aybar**, 1224 MDA 2014 [E01010-16, Feb. 23, 2016].

a timely PCRA petition and his judgment of sentence **was finalized after**

***Alleyne*** was decided.  ***Id.*** at *11.

The ***Ruiz*** Court determined:

[W]e are guided by this Court's discussion in ***Newman***, where the appellant's judgment of sentence was affirmed by this Court five days before the United States Supreme Court issued ***Alleyne***.  This Court recognized:

> Although this court had already rendered its decision in appellant's appeal at the time ***Alleyne*** was announced, we retain jurisdiction for 30 days thereafter, to modify or rescind our holding, or grant reargument as we have here, so long as the appellant does not seek allowance of appeal before our supreme court.  ***See*** 42 Pa.C.S.A. § 5505. Moreover, our decision does not become final until 30 days have elapsed and the time for filing a petition for allowance of appeal with our supreme court expires.  ***See*** Pa.R.A.P., Rule 1113(a), 42 Pa.C.S.A. § 5505.  Therefore, appellant's case was still pending on direct appeal when ***Alleyne*** was handed down, and the decision may be applied to appellant's case retroactively.

***Newman***, 99 A.3d at 90 (footnote omitted).

Here, similar to the appellant in ***Newman***, [the defendant's] June 5, 2013, judgment of sentence was not final when ***Alleyne*** was decided because, in this case, the 30-day period within which the trial court's order may be appealed, modified or rescinded, had not yet expired on June 17, 2013 — the date of the ***Alleyne*** decision.  ***See*** Pa.R.A.P. 903(a), 42 Pa.C.S. § 5505. As such, [the defendant's] case "was still pending on direct appeal when ***Alleyne*** was handed down, and the decision may be applied to [the defendant's] case retroactively." ***Newman***, ***id.***

The ***Newman*** Court also made clear that an ***Alleyne*** claim is a non-waivable challenge to the legality of sentence.  Such a claim may be raised on direct appeal, or in a timely filed PCRA petition. ***See*** 42 Pa.C.S. § 9542 ("persons serving illegal sentences may obtain collateral relief"); ***Commonwealth v. Hockenberry***, 455 Pa. Super. 626, 689 A.2d 283, 288 (Pa.

Super. 1997) ("Issues relating to the legality of sentence cannot be waived and are cognizable under the PCRA"; addressing challenge to imposition of a mandatory minimum under 18 Pa.C.S. § 7508(a)). Indeed, in **Newman**, the *en banc* panel recognized that **Alleyne** constituted a "new rule" that "applies to all criminal cases still pending on direct review." **Newman**, **supra**, 99 A.3d at 90 (emphasis supplied), *quoting* **Schriro v. Summerlin**, 542 U.S. 348, 124 S. Ct. 2519, 159 L. Ed. 2d 442 (2004). Although the procedural posture in the present appeal differs from **Newman** in that [the defendant] raised his claim in a timely PCRA petition, the fact remains that [the defendant's] judgment of sentence was "still pending on direct review" when **Alleyne** was decided. **Newman**, **id.**

**Ruiz**, 2015 PA Super 275, *12-14 (footnote omitted).[10]

Turning to the present matter, Hamilton was found guilty on March 15, 2012, and sentenced on July 6, 2012. On March 22, 2013, this Court affirmed his judgment of sentence. Hamilton then filed a timely petition of allowance of appeal with the Pennsylvania Supreme Court on April 25, 2013. While his case was pending before the Pennsylvania Supreme Court, the United States Supreme Court filed its decision in **Alleyne** on June 17, 2013. Thereafter, on October 16, 2013, the Pennsylvania Supreme Court denied Hamilton's petition.

We note a sentence is deemed final "at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking

---

[10] As of the date of this memorandum, the Pennsylvania Supreme Court has not definitively determined whether an **Alleyne** challenge implicates the legality of the sentencing. **See Commonwealth v. Wolfe**, 121 A.3d 433, 434 (Pa. 2015).

review." 42 Pa.C.S. § 9545(b)(3). Accordingly, Hamilton's judgment of sentence became final on January 14, 2014, 90 days after the Pennsylvania Supreme Court denied his petition for allowance of appeal and the time for filing a petition for review with the United States Supreme Court expired. *See* U.S.Sup.Ct.R. 13.

Therefore, in accordance with *Newman* and *Ruiz*, Hamilton's July 6, 2012, judgment of sentence was not final when *Alleyne* was decided because the matter was still pending before the Pennsylvania Supreme Court. Consequently, Hamilton's case "was still pending on direct appeal when *Alleyne* was handed down, and the decision may be applied to [the defendant's] case retroactively." *Newman*, 99 A.3d at 90. Moreover, Hamilton filed a timely PCRA petition on May 21, 2014, well within the one year of the date that his judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1). As such, like *Ruiz*, the holdings in *Miller* and *Riggle* are not implicated herein.[11]

Based on our review of the procedural background of this case and the relevant law, we agree with the PCRA court's conclusion in its May 14, 2015,

---

[11] Furthermore, it merits mention that Hamilton raised this issue for the first time in his concise statement. This is of no consequence as we recognize that "[i]ssues relating to the legality of sentence cannot be waived and are cognizable under the PCRA." *Commonwealth v. Hockenberry*, 689 A.2d 283, 288 (Pa. Super. 1997), *appeal denied*, 695 A.2d 784 (Pa. 1997). *See also Newman*, 99 A.3d at 90; *Commonwealth v. Roney*, 866 A.2d 351 (Pa. 2005), *cert. denied*, 546 U.S. 860 (2005).

Rule 1925(a) opinion that Hamilton is entitled to be resentenced without consideration of the mandatory minimum sentencing provision of 42 Pa.C.S. § 9718. Accordingly, finding error in the PCRA court's dismissal of Hamilton's petition, we reverse the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing. In all other respects, we affirm.

Order affirmed in part and reversed in part. Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/21/2016