J-S53028-15

2015 PA Super 275

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JORGE LUIS RUIZ, JR. | |
| Appellant | No. 1925 MDA 2014 |

Appeal from the PCRA Order October 15, 2014
In the Court of Common Pleas of Berks County
Criminal Division at No(s): CP-06-CR-0003038-2012

BEFORE:  DONOHUE, J., OTT, J., and MUSMANNO, J.

OPINION BY OTT, J.:                          **FILED DECEMBER 30, 2015**

Jorge Luis Ruiz, Jr., appeals from the order entered October 15, 2014, in the Court of Common Pleas of Berks County, that dismissed his first petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541–9546.  Ruiz seeks relief from the judgment of sentence of an aggregate term of six to 20 years' incarceration imposed on June 5, 2013, after he entered a negotiated guilty plea to possession with intent to deliver a controlled substance (PWID) (249.1 grams cocaine), criminal use of communication facility, and conspiracy.[1]  On appeal, Ruiz contends the PCRA court "erred in denying [Ruiz's] PCRA Petition and [not] granting him a new

_____

[1] **See** 35 P.S. § 780-113(a)(30); 18 Pa.C.S. § 7512; and 18 Pa.C.S. § 903 and 35 P.S. § 780-113(a)(30), respectively.

sentencing hearing where the decision of **Alleyne v. United States**, 133 S. Ct. 2151 (2013) and subsequent Pennsylvania decisions made [Ruiz's] sentence unconstitutional and he filed a timely PCRA Petition." Ruiz's Brief at 5. Based upon the following, we reverse the order of the PCRA court, vacate the judgment of sentence, and remand for resentencing.

In this case, the court applied the mandatory minimum sentencing provision set forth in 42 Pa.C.S. § 9712.1 ("Sentences for certain drug offenses committed with firearms"),[2] and Ruiz was sentenced to serve an

_____

[2] Although the PCRA court states in its September 10, 2014, order and notice of intent to dismiss that Ruiz was sentenced to a mandatory minimum pursuant to 18 Pa.C.S. § 7508(a)(3)(iii), this citation appears to be a scrivener's error. **See** PCRA Court Order and Notice of Intent to Dismiss, 9/10/2014, at 2. In fact, Ruiz's Pennsylvania Sentencing Guideline Form for the PWID charge reflects application of 42 Pa.C.S. § 9712.1.

At the guilty plea/sentencing hearing, the Commonwealth advised the court: "There is a mandatory sentence … because the possession with intent to deliver the controlled substance was seized in close proximity to the firearms that were utilized by each of the defendants. There is a **5-year drug and gun mandatory** applicable to them." N.T., 6/5/2013, at 9 (emphasis supplied). The court asked Ruiz if he understood there was a "gun and drug mandatory [that] calls for at least a mandatory minimum sentence of 5 years of incarceration." **Id.** at 10. Ruiz answered affirmatively. **Id.** In addition, the court's June 5, 2013, sentencing order of five to ten years for Count 7, the PWID charge, includes a hand-written notation, "gun and drug mandatory." Sentence Order, 6/5/2013.

We note that the "gun and drug mandatory" is a reference to 42 Pa.C.S. § 9712.1, which provides, in relevant part:

Any person who is convicted of a violation of [35 P.S. § 780-113(a)(30)] … when at the time of the offense the person or the person's accomplice is in physical possession or control of a

*(Footnote Continued Next Page)*

aggregate term of six to 20 years of incarceration in a state correctional facility.[3] Ruiz did not file any post sentence motion or direct appeal.[4]

On June 17, 2013, 12 days after Ruiz was sentenced, the United States Supreme Court decided **Alleyne**. On June 2, 2014, Ruiz filed a

*(Footnote Continued)* ————————

> firearm, whether visible, concealed about the person or the person's accomplice or within the actor's or accomplice's reach or in close proximity to the controlled substance, shall likewise be sentenced to a minimum sentence of at least five years of total confinement.

42 Pa.C.S. § 9712.1(a). We further note that Section 7508(a)(3)(iii) requires that when a person is convicted of possessing at least 100 grams of cocaine, the court must impose, at a minimum,

> four years in prison and a fine of $ 25,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity; however, if at the time of sentencing the defendant has been convicted of another drug trafficking offense: seven years in prison and $ 50,000 or such larger amount as is sufficient to exhaust the assets utilized in and the proceeds from the illegal activity.

18 Pa.C.S. § 7805(a)(3)(iii). The court's imposition of a five-year mandatory minimum sentence lends further support to the fact that Ruiz was sentenced under Section 9712.1.

[3] The court sentenced Ruiz in accordance with the plea agreement to five to ten years' imprisonment on the PWID charge, a consecutive sentence of six months to five years' imprisonment on the criminal use of communication facility charge, and a consecutive sentence of six months to five years' imprisonment on the conspiracy charge.

[4] On June 13, 2013, Ruiz filed a *pro se* motion to modify sentence. Since he was represented by counsel, his *pro se* filing was a legal nullity. **See Commonwealth v. Ellis**, 626 A.2d 1137, 1139 (Pa. 1993).

timely, counseled PCRA petition, wherein he challenged the legality of his mandatory minimum sentence under **Alleyne**. On September 2, 2014, Ruiz filed a Supplemental Motion, citing **Commonwealth v. Newman**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), for the proposition that "the mandatory minimum that applies to firearms in the vicinity of contraband is unconstitutional." Ruiz's Supplemental Motion in Support of Post Conviction Relief Act, 9/2/2014, at 1. The PCRA court issued notice of intent to dismiss pursuant to Pa.R.Crim.P. 907, stating that Ruiz was not entitled to PCRA relief because he had not filed a direct appeal, and Ruiz responded to the Rule 907 notice on October 9, 2014. On October 15, 2014, the PCRA court denied Ruiz relief and dismissed the petition. This appeal followed.[5]

---

[5] On November 13, 2014, Ruiz filed a *pro se* notice of appeal. On November 19, 2014, the trial court issued an order directing Ruiz to file a Pa.R.A.P. 1925(b) statement within 21 days. Thereafter, on December 1, 2014, the court granted Ruiz's counsel's petition to withdraw and, on December 2, 2015, appointed counsel to represent Ruiz on appeal. Ruiz then filed a motion for extension of time to file a Rule 1925(b) statement, which the court granted on December 12, 2014, allowing Ruiz an additional 30 days to file a concise statement from receipt of the transcript. On January 1, 2015, appointed counsel filed a Statement in Lieu of Concise Statement of Errors Complained of on Appeal. **See** Pa.R.A.P. 1925(c)(4). The trial judge filed an opinion on January 16, 2015.

On February 3, 2015, private counsel entered her appearance for Ruiz in this Court and filed an application for remand. On February 19, 2015, this Court issued a *per curiam* order, granting the application and remanding for a period not to exceed 30 days, ordered Ruiz to file a concise statement with the trial court *nunc pro tunc* within 10 days of the date of the order, and directed that the trial judge should prepare and file an opinion pursuant to Pa.R.A.P. 1925(a). **See** Pa.R.A.P. 1925(c). Ruiz filed a concise statement on
*(Footnote Continued Next Page)*

On January 16, 2015, the PCRA court filed an opinion in which it reasoned that "although **Alleyne** was decided within the thirty day period that [Ruiz] had to file a direct appeal, it is not applicable to the instant case because [Ruiz] pleaded guilty and admitted to the mandatory minimum sentencing factors." PCRA Court Opinion, 1/16/2015, at 1–2 (citation omitted). However, the PCRA court later authored a supplemental opinion, wherein the court requested that this Court remand the case to the PCRA court for resentencing, citing **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014).[6] **See** PCRA Court Supplemental Opinion, 3/11/2015.

Our standard of review is well settled:

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

**Commonwealth v. Lawson**, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

In **Alleyne**, the United States Supreme Court held "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted

_(Footnote Continued)_ ――――――――

February 26, 2015, and the trial court filed a supplemental opinion on March 11, 2015.

[6] In **Commonwealth v. Cardwell**, 105 A.3d 748 (Pa. Super. 2014), _appeal denied_, 121 A.3d 494 (Pa. 2015), a panel of this Court applied **Alleyne** and held the trial court erred by imposing a mandatory minimum sentence under 18 Pa.C.S. § 7508 even though the parties had stipulated to the weight of the drugs at trial.

- 5 -

to the jury and found beyond a reasonable doubt." **Alleyne**, 133 S.Ct. at 2155. In applying that mandate, an *en banc* panel of this Court, in **Commonwealth v. Newman**, **supra**, 99 A.3d 86 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015), held that **Alleyne** rendered the mandatory minimum sentencing provision at 42 Pa.C.S. § 9712.1 — the same provision applied herein — unconstitutional. Section 9712.1, which provides for a five-year mandatory minimum prison term for PWID convictions when a firearm is in close proximity to the illegal drugs, includes a provision that permits the trial court to determine at sentencing whether the elements necessary to increase the mandatory minimum sentence were proven by a preponderance of the evidence. **See** 42 Pa.C.S. § 9712.1(c). The **Newman** Court held that, under **Alleyne**, Section 9712.1 "can no longer pass constitutional muster [because] [i]t permits the trial court, as opposed to the jury, to increase a defendant's minimum sentence based upon a preponderance of the evidence" standard. **Newman**, **supra**, 99 A.3d at 98.

Further, the **Newman** Court found the unconstitutional provisions in Section 9712.1 were not severable from the statute as a whole. **See id.** at 101 ("We find Subsections (a) and (c) of Section 9712.1 are essentially and inseparably connected."). Recently, the Pennsylvania Supreme Court in **Commonwealth v. Hopkins**, 117 A.3d 247 (Pa. 2015), applied the same reasoning when it determined that another mandatory minimum sentencing

statute, 18 Pa.C.S. § 6317, was unconstitutional under **Alleyne**. The Supreme Court opined:

> In conclusion, we hold … that numerous provisions of Section 6317 are constitutionally infirm under **Alleyne**. Moreover, the remaining provisions of Section 6317, standing alone, are incomplete and are incapable of being vindicated in accord with the intent of the General Assembly. 1 Pa.C.S. § 1925. Because of the significant provisions found to violate the Constitution, which clearly express the intent of the legislature that Section 6317 is a mandatory minimum sentencing statute, and not a substantive offense, we find the remaining unoffending provisions of Section 6317 are incapable of being severed, and we will not judicially usurp the legislative function and rewrite Section 6317 or create a substantive offense which the General Assembly clearly did not desire. Rather, we leave it to our sister branch for an appropriate statutory response to the United States Supreme Court's decision in **Alleyne**.

**Id.** at 262 (footnote omitted).

We note the **Newman** Court instructed that **Alleyne** applies only to cases pending on **direct appeal** as of June 27, 2013, the date of the **Alleyne** decision. **See Newman**, 99 A.3d at 90.

It is also settled that **Alleyne** does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa. Super. 2014). In concluding **Alleyne** does not satisfy the new retroactive constitutional right exception to the PCRA's one year time bar, 42 Pa.C.S. § 9545(b)(1)(iii), the **Miller** Court explained:

> Even assuming that **Alleyne** did announce a new constitutional right, neither our Supreme Court, nor the United States Supreme Court has held that **Alleyne** is to be applied retroactively to cases **in which the judgment of sentence**

- 7 -

> **had become final**. This is fatal to Appellant's argument regarding the PCRA time-bar. This Court has recognized that a new rule of constitutional law is applied retroactively to cases on collateral review only if the United States Supreme Court or our Supreme Court specifically holds it to be retroactively applicable to those cases.

***Id.*** at 995 (citations omitted) (emphasis supplied). Furthermore, this Court also recently declined to give ***Alleyne*** retroactive effect to cases on **timely** collateral review when the defendant's judgment of sentence was finalized before ***Alleyne*** was decided. **See *Commonwealth v. Riggle***, 119 A.3d 1058 (Pa. Super. 2015).

In ***Riggle***, after the defendant was sentenced on August 7, 2009, this Court affirmed, and the Pennsylvania Supreme Court denied allowance of appeal on December 15, 2011. ***Id.***, 119 A.3d at 1061–1062. Riggle filed a timely PCRA petition on December 18, 2012, and, when the PCRA court issued notice of intent to dismiss the petition, Riggle responded and claimed that his sentence was illegal under ***Alleyne***. ***See id.*** 119 A.3d at 1062.

In considering whether the United States Supreme Court's June 17, 2013, decision in ***Alleyne*** should apply to cases on collateral review, the ***Riggle*** Court held that while ***Alleyne*** "undoubtedly is a new constitutional rule," it does not meet the test for retroactive application during collateral review as set forth in the United States Supreme Court's decision, ***Teague v. Lane***, 489 U.S. 288 (1989) (*plurality*). ***Riggle***, ***supra***, 119 A.3d at 1066. Specifically, the panel concluded the rule announced in ***Alleyne*** was neither substantive, nor a "watershed" procedural rule, that is, "necessary to prevent an impermissibly large risk of an inaccurate conviction and alters the

understanding of the bedrock procedural elements essential to the fairness of a proceeding." *Id.* Therefore, the *Riggle* Court found that because "the fundamental fairness of the trial or sentencing is not seriously undermined, [] *Alleyne* is not entitled to retroactive effect **in this PCRA setting**." *Id.* at 1067 (emphasis supplied).

Having considered *Miller* and *Riggle*, we find that the case *sub judice* is distinguishable,[7] and we agree with the PCRA court's ultimate conclusion that Ruiz's *Alleyne* claim does, in fact, warrant remand for resentencing. *See* PCRA Court Supplemental Opinion, 3/11/2015.

Here, Ruiz filed a timely PCRA petition within one year of the date his judgment of sentence became final. *See* 42 Pa.C.S. § 9545(b)(1) ("Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final …."). Because Ruiz was sentenced on June 5, 2013, and did not file a direct appeal, his judgment of sentence became final on July 5, 2013, when the 30-day time period for filing a direct appeal to this Court expired. *See* 42 Pa.C.S. § 9545(b)(3) ("For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including discretionary

_____

[7] As will be discussed in more detail *infra*, Ruiz presented his *Alleyne* claim in a timely filed PCRA petition, in contrast to *Miller*. Further, Ruiz's judgment of sentence did not become final until **after *Alleyne*** was decided, which was not the case in *Riggle*.

review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."). Therefore, Ruiz's PCRA petition, filed on June 2, 2014, was filed within the statutory one-year period. As such, **Miller**, **supra**, which addresses the applicability of **Alleyne** to an untimely petition, is not implicated herein.

Furthermore, in contrast to the procedural posture of the case in **Riggle**, **supra**, Ruiz's judgment of sentence was not yet final when **Alleyne** was decided on June 17, 2013.[8] In this regard, we are guided by this Court's discussion in **Newman**, where the appellant's judgment of sentence was affirmed by this Court five days before the United States Supreme Court issued **Alleyne**. This Court recognized:

> Although this court had already rendered its decision in appellant's appeal at the time **Alleyne** was announced, we retain jurisdiction for 30 days thereafter, to modify or rescind our holding, or grant reargument as we have here, so long as the appellant does not seek allowance of appeal before our supreme court. **See** 42 Pa.C.S.A. § 5505. Moreover, our decision does not become final until 30 days have elapsed and the time for filing a petition for allowance of appeal with our supreme court expires. **See** Pa.R.A.P., Rule 1113(a), 42 Pa.C.S.A. § 5505. Therefore, appellant's case was still pending on direct appeal when **Alleyne** was handed down, and the decision may be applied to appellant's case retroactively.

---

[8] We note that, based on the procedural history set forth in **Riggle**, Riggle's judgment of sentence became final in March of 2012, 90 days from the date of the Pennsylvania Supreme Court's decision, when the time for filing a petition for a writ of *certiorari* with the United States Supreme Court expired. **See** U.S. Supreme Court Rule 13. As such, Riggle's judgment of sentence became final 15 months before the Supreme Court decided **Alleyne** in June of 2013.

***Newman***, 99 A.3d at 90 (footnote omitted).

Here, similar to the appellant in ***Newman***, Ruiz's June 5, 2013, judgment of sentence was not final when ***Alleyne*** was decided because, in this case, the 30-day period within which the trial court's order may be appealed, modified or rescinded, had not yet expired on June 17, 2013 — the date of the ***Alleyne*** decision.  ***See*** Pa.R.A.P. 903(a), 42 Pa.C.S. § 5505.  As such, Ruiz's case "was still pending on direct appeal when ***Alleyne*** was handed down, and the decision may be applied to [Ruiz's] case retroactively." ***Newman***, ***id.***

The ***Newman*** Court also made clear that an ***Alleyne*** claim is a non-waivable challenge to the legality of sentence.[9]  Such a claim may be raised

---

[9] To date, the Pennsylvania Supreme Court has not issued a decision refuting the express holding of our *en banc* Court in ***Newman*** that an ***Alleyne*** challenge "implicates the legality of the sentence and cannot be waived on appeal."). ***Newman***, ***supra***, 99 A.3d at 90.

We note that Supreme Court appeared poised to address this issue when it accepted allocator review in ***Commonwealth v. Johnson***, 93 A.3d 806 (Pa. 2014), and directed the parties to address "[w]hether a challenge to a sentence pursuant to ***Alleyne*** … implicates the legality of the sentence and is therefore non-waivable."  However, the Court later dismissed the appeal as improvidently granted.  ***See Commonwealth v. Johnson***, 106 A.3d 678 (Pa. 2014).  Nevertheless, the Supreme Court has subsequently accepted review of this Court's decision in ***Commonwealth v. Wolfe***, 106 A.3d 800 (Pa. Super. 2014), and framed the issue on appeal as follows:

> Whether the Superior Court of Pennsylvania's *sua sponte* determination that the ten year mandatory minimum sentence for involuntary deviate sexual intercourse (Person less than 16 years) imposed pursuant to 42 Pa.C.S.A. § 9718(a)(1) is facially unconstitutional is erroneous as a matter of law?

*(Footnote Continued Next Page)*

- 11 -

on direct appeal, **or** in a timely filed PCRA petition. **See** 42 Pa.C.S. § 9542 ("persons serving illegal sentences may obtain collateral relief"); **Commonwealth v. Hockenberry**, 689 A.2d 283, 288 (Pa. Super. 1997) ("Issues relating to the legality of sentence cannot be waived and are cognizable under the PCRA"; addressing challenge to imposition of a mandatory minimum under 18 Pa.C.S. § 7508(a)). Indeed, in **Newman**, the *en banc* panel recognized that **Alleyne** constituted a "new rule" that "applies to all criminal cases still pending on direct review." **Newman**, **supra**, 99 A.3d at 90 (emphasis supplied), quoting **Schriro v. Summerlin**, 542 U.S. 348 (2004). Although the procedural posture in the present appeal differs from **Newman** in that Ruiz raised his claim in a timely PCRA petition, the fact remains that Ruiz's judgment of sentence was "still pending on direct review" when **Alleyne** was decided. **Newman**, **id.**

Moreover, as recognized by the PCRA court in this case, this Court has consistently rejected any attempt by the Commonwealth to employ a harmless error analysis to overcome the mandate of **Alleyne**. **See Cardwell**, **supra**, 105 A.3d at 754 (Pa. Super. 2014) (rejecting argument

*(Footnote Continued)* ───────────────────

**Commonwealth v. Wolfe**, 121 A.3d 433, 434 (Pa. 2015). **See also Commonwealth v. Barnes**, 122 A.3d 1034 (Pa. 2015) (granting petition for allowance of appeal limited to two issues, including, *inter alia*, "Whether a challenge to a sentence pursuant to **Alleyne**[] implicates the legality of the sentence and is therefore non-waivable").

that Commonwealth proved beyond a reasonable doubt triggering factor for mandatory minimum when "Commonwealth and Appellant entered into a stipulation that the total weight of the PCP in this case was 6.148 grams[;]" ***Newman*** held the unconstitutional provisions of the statute were not severable), *appeal denied*, 121 A.3d 494 (Pa. 2015). ***See also Wolfe***, ***supra***, 106 A.3d at 806 (rejecting application of mandatory minimum statute even though the jury was required to find the triggering fact, *i.e.*, that the victim was under 16 years of age, in order to convict defendant of underlying crime; "***Newman*** stands for the proposition that mandatory minimum sentence statutes in Pennsylvania of this format are void in their entirety.").

Based on our review of the procedural background of this case and the relevant case law discussed above, we agree with the PCRA court's conclusion in its March 11, 2015, supplemental opinion that Ruiz is entitled to be resentenced without consideration of the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712.1. Therefore, finding error in the PCRA court's dismissal of Ruiz's PCRA petition raising an ***Alleyne*** challenge, we reverse the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for proceedings consistent with this Opinion. Jurisdiction relinquished.

Judgment Entered.

_____

Joseph D. Seletyn, Esq.
Prothonotary


Date: 12/30/2015