J-S29044-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| RAYMOND ALLEN MATTESON | : | |
| | : | |
| Appellant | : | |
| | : | No. 1911 WDA 2015 |

Appeal from the PCRA Order November 16, 2015
in the Court of Common Pleas of Fayette County Criminal Division
at No(s):  CP-26-CR-0002051-2013

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 10, 2016**

Appellant, Raymond Allen Matteson, appeals from the order entered in the Fayette County Court of Common Pleas denying his first petition filed pursuant to the Post Conviction Relief Act[1] ("PCRA").  Appellant claims his sentence is illegal in light of ***Alleyne v. United States***, 133 S. Ct. 2151 (2013).  We affirm.

We summarize the relevant procedural history as follows.  On May 6, 2014, a jury found Appellant guilty of aggravated assault,[2] simple assault,[3]

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

[2] 18 Pa.C.S. § 2702(a)(1).

[3] 18 Pa.C.S. § 2701(a)(1).

endangering the welfare of children ("EWOC"),[4] and recklessly endangering another person ("REAP")[5] stemming from his physical abuse of a twenty-month-old child ("Victim") in his care. On May 8, 2014, the Commonwealth filed a notice of its intention to seek the mandatory minimum sentence at 42 Pa.C.S. § 9718(a)(2). Commonwealth's Sentencing Notice, 5/8/14. Section 9718(a)(2) provided, in relevant part, that a person convicted of aggravated assault under 18 Pa.C.S. § 2702(a)(1) "when the victim is less than 13 years of age shall be sentenced to a mandatory term of imprisonment" of not less than five years. 42 Pa.C.S. § 9718(a)(2).

The trial court held a sentencing hearing on May 12, 2014. The Commonwealth asked the trial court to "depart from the guidelines. And impose a statutory maximum sentence of ten to twenty years" for aggravated assault. N.T. Sentencing Hr'g, 5/12/14, at 8. Before imposing the sentence, the trial court addressed Appellant:

> [Y]ou were taken into this child's home by his mother, with whom you had a relationship. In that home, you became a child abuser and batterer, and preyed upon [Victim] who at that time, in September and October, was nineteen or twenty months old. . . . While my heart, soul, my very being are each filled with compassion, pity, sympathy and heartbreak, not even one iota of that is for you. Every single bit of it is for [Victim], your victim, this child that you have battered and abused. Each day during your trial, I passed by this child as he sat in his wheelchair in the

---

[4] 18 Pa.C.S. § 4304(a)(1).

[5] 18 Pa.C.S. § 2705.

hallway, and witnessed the damage that you caused to him and to his life. And how your depraved acts will impact upon him in the years to come. We can only hope and pray that he will receive whatever help, support and love necessary to enable him to live as normal a life as possible as he recovers from the injuries caused by you. Because of you, he apparently will be unable to enjoy the quality of life of others. Not only at this age but in the future. You have robbed him of that hope and that life and that future. Your prior record which includes prior Protection from Abuse violations, two prior simple assault convictions, and an Indirect Criminal Contempt, which I assume was from a violation of a Protection from Abuse Order, shows this [c]ourt that you are, and have been, an abuser. While this [c]ourt cannot undo what you have done, or change, alter, remove whatever evil abherrations [sic] permeate your body, your thoughts and your soul, we certainly can remove you from society, thereby denying your access to other children and other victims. Clearly, your acts show that our community needs protection from you, and that can be accomplished only by imprisoning you. . . . From the evidence adduced at your trial, it is apparent that you showed no mercy to [Victim], a child of twenty months, helpless and dependent upon you, and we will show no mercy to you.

*Id.* at 11-13.

The trial court sentenced Appellant to an aggregate term of eleven to twenty-two years' imprisonment. Specifically, on the aggravated assault charge, the trial court sentenced Appellant to "[u]ndergo imprisonment at a State Correctional Institute for a period of not less than ten (10) years nor

more than twenty (20) years under 42 Pa.C.S.[] Section 9718(a)(2)."[6] Trial Ct. Order, 5/12/14, at 1 (unpaginated). The trial court explained its sentence as follows: "As a departure, the [c]ourt, has imposed this sentence **above all sentencing guideline ranges**, having done so due to the serious nature of the offense, the failure of [Appellant] to provide proper care, and the twenty (20) month old victim being completely at the mercy of [Appellant]." *Id.* at 3 (emphasis added); N.T. at 15. On the sentencing guideline form for this offense, the trial court noted the offense gravity score was eleven, Appellant's prior record score was one, and that the sentence fell above the guideline range. *See* Sentencing Guideline Form, 5/14/14.

Appellant appealed his judgment of sentence,[7] and this Court affirmed on December 15, 2014. *Commonwealth v. Matteson*, 861 WDA 2014 (Pa. Super. Dec. 15, 2014) (unpublished memorandum), *appeal denied*, 596 WAL 2014 (Pa. Apr. 28, 2015). The Pennsylvania Supreme Court denied allowance of appeal on April 28, 2015.

Appellant filed a timely PCRA petition on July 6, 2015,[8] and a counseled, amended petition on September 17, 2015. Therein, Appellant

---

[6] The trial court imposed a term of imprisonment of one to two years for the EWOC offense consecutive to the aggravated assault sentence and no further penalty on simple assault and REAP.

[7] Appellant did not challenge the length of his sentence on direct appeal. *See Matteson*, 861 WDA 2014 at 6.

[8] *See* 42 Pa.C.S. § 9545(b)(1).

argued that the trial court sentenced him on the aggravated assault charge to "a mandatory minimum" of ten to twenty years' imprisonment pursuant to 42 Pa.C.S. § 9718(a)(2), based on the age of Victim. Am. Pet., 9/17/15, at 1-2 (unpaginated). Appellant reasoned that the United States Supreme Court's decision in **Alleyne** and subsequent opinions by this Court applying **Alleyne** render his sentence unconstitutional and entitle him to PCRA relief. **Id.** at 2-3. On November 16, 2015, the PCRA court issued an order and accompanying opinion and denied Appellant's petition.[9] In denying the petition, the PCRA court expressly noted it sentenced Appellant to the statutory maximum sentence and **not** the mandatory minimum of five years. PCRA Court Op., 12/16/15, at 2.

Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The trial court filed a responsive Rule 1925(a) opinion, wherein it explained the imposition of Appellant's sentence was pursuant to its discretionary authority in consideration of several factors. PCRA Court Op., 12/18/15 at 2-4

> Instantly, the [c]ourt had the benefit of a pre-sentence report and stated on the record in the sentencing proceeding that it had taken into consideration the nature and seriousness of the offenses, and that the victim was a child. [The

---

[9] The PCRA court scheduled a hearing on Appellant's petition for November 12, 2015. While there is no indication on the docket of a hearing that day, the PCRA court order denying Appellant's petition stated it was denying the petition "after full hearing, and upon consideration of the record[.]" PCRA Court Order, 11/16/15.

court] also considered the number of offenses to which [] Appellant had been found guilty. Further, [the court] stated that [it was] imposing a sentence above the guideline ranges due to the serious nature of the offenses and the failure of Appellant to provide proper care to the victim, a twenty month old child who was at the mercy of Appellant.

*Id.*

On appeal, Appellant raises the following issue for our review.

Whether the PCRA court erred in holding that Appellant's sentence – for the charge of aggravated assault on a child less than thirteen (13) years of age, of ten (10) to twenty (20) years['] incarceration – does not constitute an illegal mandatory minimum sentence?

Appellant's Brief at 3.

Appellant argues the PCRA court erred in denying his petition "because the [c]ourt believed that the claim was time barred." *Id.* at 7. He argues the trial court specifically sentenced him pursuant to section 9718(a)(2), which has been declared facially unconstitutional by this Court's decision in *Commonwealth v. Wolfe*, 106 A.3d 800 (Pa. Super. 2014), *appeal granted*, 121 A.3d 433 (Pa. 2015). *Id.* at 11-12. Therefore, Appellant claims he is subject to an illegal sentence. *Id.* at 12. We hold no relief is due.

Our standard of review over PCRA orders is limited to whether the findings of the PCRA court are supported by the record and free of legal error. *Commonwealth v. Ruiz*, 131 A.3d 54, 57 (Pa. Super. 2015). "The PCRA court's findings will not be disturbed unless there is no support for the

findings in the certified record." *Id.* (citation omitted). A challenge to the legality of a sentence is a question of law. *Wolfe*, 106 A.3d at 801-02. Our standard of review is *de novo*. *Id.* at 802.

Aggravated assault under subsection (a)(1) is a first-degree felony. 18 Pa.C.S. § 2702(b). Section 1103 provides that first-degree felonies are punishable by a term of imprisonment of "not more than 20 years." *Id.* § 1103(1). The standard guideline range for offenses with an offense gravity score of eleven and a prior record score of one is three and one-half to five years' imprisonment.[10] *See* 204 Pa. Code § 303.16(a). "In every case where a sentencing court imposes a sentence outside of the sentencing guidelines, the court must provide in open court a contemporaneous statement of reasons in support of its sentence." *Commonwealth v. Bowen*, 55 A.3d 1254, 1263-64 (Pa. Super. 2012) (citing 42 Pa.C.S. § 9721).

In *Wolfe*, the defendant was sentenced to a mandatory minimum sentence pursuant to Section 9718(a)(1) and challenged his sentence on direct appeal. *Id.* at 801. The *Wolfe* Court explained, "[i]n *Alleyne*, the Supreme Court held that 'facts that increase mandatory minimum sentences must be submitted to the jury' and must be found beyond a reasonable doubt." *Id.* at 802 (discussing *Alleyne*, 133 S. Ct. at 2163). The Court

---

[10] Appellant does not dispute his prior record or offense gravity score.

then applied this Court's cases interpreting **Alleyne** and held "Section 9718 is . . . facially unconstitutional." **Id.** at 805.

In **Ruiz**, this Court noted that a PCRA petitioner is not entitled to retroactive application of **Alleyne** if the petition is untimely or the petitioner's judgment of sentence was final before June 13, 2013, the date of the **Alleyne** decision. **See Ruiz**, 131 A.3d at 58. However, the Court held that where a petitioner files a timely PCRA petition **and** the judgment of sentence was not final prior to **Alleyne**, then the petitioner is entitled to its application. **Id.** at 59-60.

Instantly, Appellant's judgment of sentence was imposed after **Alleyne** was decided, and his PCRA petition was timely. **See** 42 Pa.C.S. § 9545(b)(1). There is no support in the record for Appellant's contention that the trial court denied his petition because it concluded it was "time barred." **See** Appellant's Brief at 7; **Ruiz**, 131 A.3d at 57. Rather, the PCRA court explained it dismissed the petition because **it did not apply Section 9718 to Appellant**. PCRA Ct. Op., 11/16/15, at 2; **see also** PCRA Ct. Op., 12/18/15, at 3 (noting the court considered, *inter alia*, the presentence investigation report and imposed the sentence "above the sentencing guideline ranges due to the serious nature of the offenses and the failure of Appellant to provide proper care to the victim"). While the court referred to Section 9718 in its sentencing order, it also explicitly stated it wished to exceed all guideline ranges and sentence Appellant to the statutory

maximum sentence for aggravated assault based on the seriousness of the offense and the particular vulnerability of Appellant's victim.  N.T. at 15; ***see also*** Trial Ct. Order, 5/12/14, at 1;  PCRA Ct. Op., 11/16/15, at 2; PCRA Ct. Op., 12/18/15, at 3; ***accord*** 18 Pa.C.S. § 1103(1); ***Bowen***, 55 A.3d at 1263-64.  The record is replete with the trial court's rationale in sentencing Appellant as it did, and we conclude the record supports its decision to deny Appellant's petition because it did not impose the sentence pursuant to Section 9718.  ***See  Ruiz*** a131 A.3d at 57.

Order affirmed.


Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date:  5/10/2016