J-S50013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| v. | |
| ALVIN E. GRANDBERRY, III | |
| Appellant | No. 2104 MDA 2015 |

Appeal from the Order Entered November 9, 2015
in the Court of Common Pleas of Dauphin County Criminal Division
at No(s): CP-22-CR-0004931-2011

BEFORE: MUNDY, STABILE, and FITZGERALD,[*] JJ.

JUDGMENT ORDER BY FITZGERALD, J.:               **FILED JULY 12, 2016**

Appellant, Alvin E. Grandberry, III, appeals from the order of the Dauphin County Court of Common Pleas dismissing his petition for writ of *habeas corpus* for raising the same claims previously presented in his untimely, first Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546, petition.[1]   Appellant again asserts his sentence, which became final on August 13, 2012, was unconstitutional in light of **Alleyne v. United States**, 133 S. Ct. 2151 (2013), and its Pennsylvania progeny.

---

[*] Former Justice specially assigned to the Superior Court.

[1] The dismissal of Appellant's first PCRA petition was affirmed by this Court in **Commonwealth v. Grandberry**, 2092 MDA 2014 (Pa. Super. June 30, 2015) (unpublished memorandum).

Following our review, we agree with the PCRA court that no relief is due. We add: (1) the PCRA subsumes the writ of *habeas corpus*;[2] (2) claims asserting illegal or unconstitutional applications of mandatory minimum sentences are cognizable under the PCRA;[3] (3) Appellant's petition is properly viewed as a second PCRA petition;[4] and (4) because instant petition did not raise any claims that it was timely filed under the PCRA and Appellant's judgment of sentence became final before **Alleyne** was decided on June 17, 2013, Appellant did not qualify for relief under **Ruiz**.[5]

Order affirmed.

Judgment Entered.

_Joseph D. Seletyn, Esq._
Joseph D. Seletyn, Esq.
Prothonotary

Date: <u>7/12/2016</u>

---

[2] **See Commonwealth v. Hackett**, 956 A.2d 978, 985 (Pa. 2008).

[3] **See Commonwealth v. Ruiz**, 131 A.3d 54, 60 (Pa. Super. 2015).

[4] **See Hackett**, 956 A.2d at 985; **Ruiz**, 131 A.3d at 60.

[5] **Ruiz**, 131 A.3d at 60 (holding PCRA petitioner may be entitled to relief where his petition is timely filed and his judgment of sentence had not yet become final).