J-S55013-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID LUSICK | |
| Appellant | No. 2160 EDA 2015 |

Appeal from the PCRA Order May 22, 2015
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-0321881-1993,
CP-51-CR-100011-1992

BEFORE:   LAZARUS, J., DUBOW, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY LAZARUS, J.:                     **FILED AUGUST 12, 2016**

David Lusick appeals from the order, entered in the Court of Common Pleas of Philadelphia County, dismissing his petition filed pursuant to the Post Conviction Relief Act (PCRA).[1]  Upon review, we affirm.

Following a jury trial, Lusick and his girlfriend were convicted of criminal conspiracy, involuntary deviate sexual intercourse, indecent assault, and corruption of minors.  On January 18, 1995, Lusick was sentenced to an aggregate term of 12 to 35 years' imprisonment.  Lusick's sentence was affirmed on direct appeal, and his petition for allowance of appeal was

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

denied by the Pennsylvania Supreme Court on November 1, 1996. Lusick filed a timely first PCRA petition that was subsequently denied. After this Court affirmed the PCRA court's ruling, the Pennsylvania Supreme Court denied Lusick's petition for allowance of appeal on December 26, 2003. Lusick filed a second PCRA petition on November 18, 2009. This Court again affirmed the PCRA court, and the Pennsylvania Supreme Court denied Lusick's petition for allowance of appeal on June 26, 2012.

Lusick filed the instant *pro se* PCRA petition, his third, on October 17, 2014. After issuing a notice pursuant to Pa.R.Crim.P. 907, the PCRA court dismissed the petition without a hearing on May 22, 2015. Thereafter, Lusick filed a timely notice of appeal.[2] On appeal, Lusick raises the following issues, *verbatim*:

1. Whether [the] PCRA time bar is valid when [the] lower court judge is in want of jurisdiction to enhance petitioner's sentence based on **Brady**[3] violations and non-disclosure of materially false testimony of [Assistant District Attorney] Elizabeth Varki Jobes?

2. Whether a miscarriage of justice has occurred?

3. Whether mandatory minimums based on fraud and non-dis[c]losure of ADA Jobes is retroactive?

Brief of Appellant, at 3.

---

[2] Although the PCRA court did not order Lusick to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b), Lusick did so on July 20, 2015.

[3] **Brady v. Maryland**, 373 U.S. 83 (1963).

Our standard and scope of review regarding the denial of a PCRA petition is well-settled. We review the PCRA court's findings of fact to determine whether they are supported by the record, and review its conclusions of law to determine whether they are free from legal error. **Commonwealth v. Spotz**, 84 A.3d 294, 311 (Pa. 2014). The scope of our review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the trial level. **Id.**

In order to be considered timely,

> [a] PCRA petition, including a second or subsequent one, must be filed within one year of the date the petitioner's judgment of sentence became final, unless he pleads and proves one of the three exceptions outlined in 42 Pa.C.S. § 9545(b)(1). A judgment becomes final at the conclusion of direct review by [the Pennsylvania Supreme] Court or the United States Supreme Court, or at the expiration of the time for seeking such review. 42 Pa.C.S. § 9545(b)(3). The PCRA's timeliness requirements are jurisdictional; therefore, a court may not address the merits of the issues raised if the petition was not timely filed. The timeliness requirements apply to all PCRA petitions, regardless of the nature of the individual claims raised therein. The PCRA squarely places upon the petitioner the burden of proving an untimely petition fits within one of the three exceptions.

**Commonwealth v. Jones**, 54 A.3d 14, 16-17 (Pa. 2012) (citations and footnote omitted).

The three statutory exceptions for an untimely petition under the PCRA consist of the following:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the

claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i)-(iii). Additionally, a petition invoking a timeliness exception pursuant to the statute must "be filed within 60 days of the date the claim could have been presented." 42 Pa.C.S. § 9545(b)(2).

Here, Lusick's petition for allowance of appeal in our Supreme Court was denied on November 1, 1996. Thus, his sentence became final on January 30, 1997, upon the expiration of the ninety-day period for filing a writ of certiorari with the United States Supreme Court. *See* 42 Pa.C.S. § 9545(b)(3); Sup. Ct. R. 13. Lusick therefore had until January 30, 1998, to file a timely PCRA petition. *See* 42 Pa.C.S. § 9545(b)(1). Because Lusick did not file the instant PCRA petition until October 17, 2014, it is untimely on its face.

Lusick fails to plead or prove a timeliness exception as to his claims regarding alleged *Brady* violations.[4] However, Lusick asserts the newly-

_____

[4] Lusick's brief fails to provide a coherent argument regarding the alleged violations. However, Lusick appears to assert that the Honorable Paula Pryor Dembe, who presided over his trial and sentencing, was biased and
*(Footnote Continued Next Page)*

- 4 -

recognized constitutional right exception in section 9545(b)(1)(iii) with respect to his mandatory minimum sentence claim. Lusick bases his argument on our decision in ***Commonwealth v. Newman***, 99 A.3d 86 (Pa. Super. 2014) (holding mandatory minimum sentence for certain drug offenses committed with firearms unconstitutional pursuant to dictates of ***Alleyne v. United States***, 133 S.Ct. 2151 (2013) (any fact increasing mandatory minimum sentence for crime is "element" of crime that must be submitted to jury)).

We note, however, that ***Alleyne*** has not been held to have retroactive effect in the context of an untimely PCRA petition. ***See Commonwealth v. Ruiz***, 131 A.3d 54, 58 (Pa. Super. 2015) (it has been "settled that ***Alleyne*** does **not** invalidate a mandatory minimum sentence when presented in an untimely PCRA petition"). Accordingly, Lusick has not satisfied the newly-recognized constitutional right timeliness exception.

Finally, we note that Lusick was not actually sentenced to any mandatory minimum sentences. Thus, even if he had satisfied a timeliness exception as outlined above, Lusick is not entitled to relief.

Order affirmed.

*(Footnote Continued)* ————————

that ADA Elizabeth Varki Jobes had a personal relationship with the victims and their biological father that was not disclosed prior to sentencing.

J-S55013-16

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 8/12/2016