J-S65016-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| TARRONCE VELENTA-EMIL PORTER, | |
| Appellant | No. 1743 WDA 2015 |

Appeal from the PCRA Order of October 8, 2015
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0000850-2013

BEFORE:  LAZARUS, OLSON AND PLATT,* JJ.

MEMORANDUM BY OLSON, J.:                    **FILED NOVEMBER 28, 2016**

Appellant, Tarronce Velenta-Emil Porter, appeals from an order entered on October 8, 2015 that denied, without a hearing, his timely first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §9541-9546.  We reverse the order of October 8, 2015, vacate Appellant's judgment of sentence, and remand for resentencing.

We briefly set forth the historical and procedural history in this case. On July 18, 2013, a jury found Appellant guilty of four counts of aggravated assault, two counts of recklessly endangering another person, and firearms not to be carried without a license.[1]  Thereafter, the court, on September 30, 2013, sentenced Appellant to a mandatory minimum term of five to ten

---

[1] 18 Pa.C.S.A. §§ 2702(a)(1) and (4), 2705, and 6106(a)(1).

*Retired Senior Judge assigned the Superior Court.

years' incarceration on one of his aggravated assault charges. This sentence was imposed pursuant to 42 Pa.C.S.A. § 9712. The other charges merged with Appellant's aggravated assault conviction for sentencing purposes. Appellant did not file post-sentence motions.

Appellant filed a notice of appeal on October 11, 2013. On appeal, Appellant challenged the discretionary aspects of his sentence and the weight of the evidence introduced at trial. This Court affirmed Appellant's judgment of sentence on August 19, 2014. Appellant never petitioned for further review before the Supreme Court.

Appellant, acting *pro se*, filed the instant PCRA petition (captioned as a motion to vacate illegal sentence and to impose a legal sentence) on February 18, 2015. The petition argued that Appellant's mandatory minimum sentence was illegal under ***Alleyne v. United States***, 133 S.Ct. (2013), which was decided on June 17, 2013 – three months prior to Appellant's sentencing hearing. Counsel was appointed and an amended petition was filed on March 30, 2015. The amended submission reiterated the claims set forth in Appellant's *pro se* petition and added a claim of ineffective assistance of counsel. On July 23, 2015, the PCRA court, pursuant to Pa.R.Crim.P. 907, issued notice of its intent to dismiss Appellant's petition without a hearing. The court's dismissal order followed on October 8, 2015. This appeal timely ensued wherein Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

On appeal, Appellant challenges the PCRA court's refusal to grant relief in the face of his ***Alleyne***-based challenge to the legality of his mandatory minimum sentence.  Our standard of review is well settled.

> [We review an order] denying PCRA relief [to ascertain] whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error.  The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record.

***Commonwealth v. Ruiz***, 131 A.3d 54, 57 (Pa. Super. 2015), *quoting* ***Commonwealth v. Lawson***, 90 A.3d 1, 4 (Pa. Super. 2014) (internal citations omitted).

The PCRA court offered several reasons in support of its decision to dismiss Appellant's petition without a hearing.  First, the court found that Appellant waived any challenge to his mandatory minimum sentence because he failed to raise the issue prior to sentencing, at sentencing, in a post-sentence motion, or on direct appeal.  Next, the court reasoned that ***Alleyne*** was not applicable to cases pending on collateral review.  Lastly, the court found that Appellant's direct appeal counsel could not be deemed ineffective since Appellant waived his ***Alleyne*** challenge by not raising the claim before the trial court.  These assessments are legally flawed.

Our decision in ***Ruiz*** governs the disposition of this appeal.  In ***Ruiz***, we explained that an ***Alleyne*** claim is a non-waivable challenge to the

- 3 -

legality of sentence that may be raised for the first time on direct appeal or in a timely filed PCRA petition.[2]  *Ruiz*, 131 A.3d at 60; 42 Pa.C.S.A. § 9542 ("persons serving illegal sentences may obtain collateral relief").  Therefore, Appellant's failure to raise his claim prior to the instant timely PCRA petition is not grounds for finding waiver.

We also observed in *Ruiz* that *Alleyne* may be applied retroactively to cases pending on collateral review so long as the petitioner's judgment of sentence was not final when *Alleyne* was decided.  *Ruiz*, 131 A.3d at 59-60.  Because Appellant received his sentence three months after the issuance of *Alleyne*, the instant case does not implicate impermissible retroactive application of that precedent.

Finally, since we have noted that Appellant could not waive his *Alleyne* challenge prior to direct appeal, nothing precluded direct appeal counsel from challenging Appellant's mandatory minimum sentence at that stage of the proceedings.  *Id.* at 60, *citing* ***Commonwealth v. Newman***, 99 A.3d 86, 90 (Pa. Super. 2014) (*en banc*) (recognizing that *Alleyne* applies to all criminal cases pending on direct review), *appeal denied*, 121

---

[2] The issue of whether *Alleyne* implicates the legality of a sentence, and thus constitutes a non-waivable claim, is currently pending before the Pennsylvania Supreme Court in ***Commonwealth v. Barnes***, 122 A.3d 1034-1035 (Pa. 2015) (*per curiam* order granting petition for allowance of appeal in part).

A.3d 496 (Pa. 2015). Hence, Appellant retains a viable claim of ineffective assistance of counsel.

Based on our review of the procedural background of this case and the relevant case law discussed above, we conclude that Appellant is entitled to resentencing without consideration of the mandatory minimum sentencing provision of 42 Pa.C.S. § 9712. Therefore, since the PCRA court erred in dismissing Appellant's petition raising an **Alleyne** challenge, we reverse the order denying PCRA relief, vacate Appellant's judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: 11/28/2016