J-S01037-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA   :      IN THE SUPERIOR COURT OF
:
v.                :
:
CLARK KITCHELL,           :
:
Appellant      :        No. 2015 MDA 2015

Appeal from the Judgment of Sentence January 9, 2013
in the Court of Common Pleas of Luzerne County,
Criminal Division, No(s):  CP-40-CR-0001292-2011

BEFORE:  GANTMAN, P.J., DUBOW and MUSMANNO, JJ.

MEMORANDUM BY MUSMANNO, J.:        **FILED MARCH 28, 2017**

Clark Kitchell ("Kitchell") appeals, *nunc pro tunc*, from the judgment of sentence imposed following his conviction of involuntary deviate sexual intercourse with a child under the age of 13.  **See** 18 Pa.C.S.A. § 3123(b). We vacate the judgment of sentence and remand for resentencing.

On October 15, 2012, a jury found Kitchell guilty of the above-mentioned crime for acts committed against Kitchell's six-year-old stepdaughter.  The trial court sentenced Kitchell to serve ten to twenty years in prison.  Relevantly, the trial court imposed the mandatory minimum sentence pursuant to 42 Pa.C.S.A. § 9718.  Kitchell filed a timely appeal, challenging the competency of the victim.  This Court affirmed the judgment of sentence, and the Pennsylvania Supreme Court denied allowance of appeal.  **See Commonwealth v. Kitchell**, 100 A.3d 299 (Pa. Super. 2014) (unpublished memorandum), **appeal denied**, 96 A.3d 1026 (Pa. 2014).

On May 8, 2015, Kitchell filed a timely Petition pursuant to the Post Conviction Relief Act ("PCRA"),[1] arguing that his appellate counsel was ineffective for failing to raise a claim that his sentence was illegal regarding the application of the mandatory minimum sentence in light of **Alleyne v. United States**, 133 S. Ct. 2151 (2013), which was decided while Kitchell's direct appeal was pending. Based upon an agreement between Kitchell and the Commonwealth, the PCRA court granted the Petition and reinstated Kitchell's direct appeal rights as to his judgment of sentence.[2] Thereafter, Kitchell filed a Notice of Appeal and a court-ordered Pa.R.A.P. 1925(b) Concise Statement of matters complained of on appeal.

On appeal, Kitchell raises the following question for our review:

> Whether the trial court erred in imposing an illegal sentence in [Kitchell's] case when it imposed the mandatory minimum [sentence,] despite the holding in [**Alleyne**], which had been decided during his direct appeal period, and held that the mandatory minimum was unconstitutional[?]

Brief for Appellant at 6 (capitalization omitted).

"Issues relating to the legality of a sentence are questions of law…. Our standard of review over such questions is *de novo* and our scope of review is plenary." **Commonwealth v. Ali**, 112 A.3d 1210, 1225 (Pa. Super. 2015) (citation omitted).

---

[1] **See** 42 Pa.C.S.A. §§ 9541-9546.

[2] **See Commonwealth v. Ruiz**, 131 A.3d 54, 59-60 (Pa. Super. 2015) (noting that **Alleyne** may be applied to cases pending on collateral review where the defendant's judgment of sentence was not final when **Alleyne** was decided).

Kitchell argues that the trial court's imposition of the mandatory minimum sentence under section 9718 violated ***Alleyne*** and ***Commonwealth v. Wolfe***, 140 A.3d 651 (Pa. 2016)*.* Brief for Appellant at 10-13. As a result, Kitchell argues that his sentence is illegal, and he is entitled to resentencing. ***Id.*** at 13. The Commonwealth agrees with Kitchell's argument, and concedes that the case must be remanded for resentencing. ***See*** Commonwealth's Letter, 11/29/16.

In ***Alleyne***, the Supreme Court held that any fact that increases the sentence for a given crime must be submitted to the jury and found beyond a reasonable doubt. ***Alleyne***, 133 S. Ct. at 2155. The Supreme Court reasoned that a Sixth Amendment violation occurs where these sentence-determinative facts are not submitted to a jury. ***Id.*** at 2156. In ***Wolfe***, the Supreme Court, relying on ***Alleyne***, held that 42 Pa.C.S.A § 9718 "is irremediably unconstitutional on its face, non-severable, and void." ***Wolfe***, 140 A.3d at 633.

Thus, pursuant to the holdings in ***Alleyne*** and ***Wolfe***, we conclude that the mandatory minimum sentence imposed upon Kitchell under 42 Pa.C.S.A. § 9718(a) is illegal. Accordingly, we vacate Kitchell's judgment of sentence and remand this case to the trial court for resentencing, without reference to the mandatory minimum sentencing statute.

Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

J-S01037-17

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2017

- 4 -