J-S23005-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| THEODORE WOODALL | |
| Appellant | No. 1566 EDA 2016 |

Appeal from the PCRA Order April 25, 2016
In the Court of Common Pleas of Philadelphia County
Criminal Division at No(s): CP-51-CR-1208311-2003

BEFORE: OLSON, SOLANO and MUSMANNO, JJ.

MEMORANDUM BY OLSON, J.:                    **FILED MARCH 29, 2017**

Appellant, Theodore Woodall, appeals from the order entered on April 25, 2016, which dismissed his first petition filed pursuant to the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546. We vacate the order of the PCRA court, vacate the judgment of sentence, and remand for resentencing.

In 2004, a jury found Appellant guilty of two counts of aggravated assault and one count each of carrying a firearm on the public streets of Philadelphia and possessing instruments of crime; the convictions arose out of Appellant shooting one Philadelphia police officer in the neck and shooting at another Philadelphia police officer.

On November 22, 2004, the trial court sentenced Appellant to serve an aggregate term of 21 to 42 years in prison for his convictions. Further, as

the Commonwealth concedes, during "the November 22, 2004[] sentencing hearing, [the trial court] indicated that the mandatory minimum sentence of five years for offenses committed with firearms, 42 Pa.C.S.A. § 9712, applied to [Appellant's] aggravated assault convictions."  Commonwealth's Brief at 2; *see also* N.T. Sentencing, 11/22/04, at 3.

Following the *nunc pro tunc* reinstatement of Appellant's direct appeal rights, this Court affirmed Appellant's judgment of sentence on July 2, 2014 and our Supreme Court denied Appellant's petition for allowance of appeal on November 13, 2014.  **Commonwealth v. Woodall**, 105 A.3d 781 (Pa. Super. 2014) (unpublished memorandum) at 1-24, *appeal denied*, 104 A.3d 4 (Pa. 2014).

On February 12, 2015, Appellant filed the current, timely PCRA petition.  The petition constitutes Appellant's first petition for post-conviction collateral relief under the PCRA.  **See Commonwealth v. Turner**, 73 A.3d 1283 (Pa. Super. 2013) ("[w]hen a PCRA petitioner's direct appeal rights are reinstated *nunc pro tunc* in his first PCRA petition, a subsequent PCRA petition will be considered a first PCRA petition for timeliness purposes").

The PCRA court appointed counsel to represent Appellant and counsel filed an amended PCRA petition on Appellant's behalf.  Within the amended petition, Appellant claimed that his sentence is illegal, as he was sentenced under a mandatory minimum sentencing statute that was rendered unconstitutional by **Alleyne v. United States**, ___ U.S. ___, 133 S.Ct.

2151 (2013). *See* Appellant's Amended PCRA Petition, 9/17/15, at 2; Appellant's Brief in Support of Amended PCRA Petition, 9/17/15, at 1.

On April 25, 2016, the PCRA court dismissed Appellant's petition and Appellant filed a timely notice of appeal to this Court. Appellant raises one claim on appeal:

> Did the [PCRA] court err in failing to grant PCRA relief where [] Appellant had been sentenced pursuant to a mandatory minimum sentence law that has been declared unconstitutional?

Appellant's Brief at 7 (some internal capitalization omitted).

Appellant claims that he is entitled to relief, as he was sentenced under a mandatory minimum sentencing statute that was rendered unconstitutional by *Alleyne*. The Commonwealth concedes that Appellant's sentence is, in fact, illegal and that Appellant is entitled to relief in this case. Commonwealth's Brief at 5. We agree with Appellant and the Commonwealth. We thus vacate Appellant's judgment of sentence and remand for resentencing.

We observe our well-established standard of review: "In reviewing the denial of PCRA relief, we examine whether the PCRA court's determination is supported by the record and free of legal error." *Commonwealth v. Fears*, 86 A.3d 795, 803 (Pa. 2014) (internal quotations and citations omitted).

> *Alleyne* challenges implicate the legality of a sentence. A challenge to the legality of a sentence may be entertained as long as the reviewing court has jurisdiction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review

over such questions is *de novo* and our scope of review is plenary.

***Commonwealth v. Ali***, 112 A.3d 1210, 1225 (Pa. Super. 2015) (internal citations, quotations, and corrections omitted).

In ***Apprendi v. New Jersey***, 530 U.S. 466 (2000), the United States Supreme Court held: "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." ***Apprendi***, 530 U.S. at 489. Further, in ***Alleyne***, the United States Supreme Court expanded "***Apprendi's*** basic jury-determination rule to mandatory minimum sentences." ***Alleyne***, ___ U.S. at ___, 133 S.Ct. at 2167 (Breyer, J., concurring). Specifically, the ***Alleyne*** court held that, where an "aggravating fact" increases a mandatory minimum sentence, "the fact is an element of a distinct and aggravated crime. [The fact] must, therefore, be submitted to the jury and found beyond a reasonable doubt." ***Alleyne***, 133 S.Ct. at 2162-2163.

As this Court has held, ***Alleyne*** rendered the mandatory minimum sentencing statute of 42 Pa.C.S.A. § 9712 wholly unconstitutional. ***Commonwealth v. Valentine***, 101 A.3d 801, 812 (Pa. Super. 2014). Further, in ***Commonwealth v. Ruiz***, 131 A.3d 54 (Pa. Super. 2015), this Court held that an ***Alleyne*** claim is a non-waivable challenge to the legality of a sentence that may be raised for the first time on direct appeal or in a timely-filed PCRA petition. ***Ruiz***, 131 A.3d at 60; 42 Pa.C.S.A. § 9542 ("persons serving illegal sentences may obtain collateral relief").

We also observed in ***Ruiz*** that ***Alleyne*** may be applied retroactively to cases pending on collateral review so long as the petitioner's judgment of sentence was not final when ***Alleyne*** was decided. ***Ruiz***, 131 A.3d at 59-60. In the case at bar, while Appellant was originally sentenced on November 22, 2004, Appellant's judgment of sentence did not become final until February 11, 2015. ***See*** 42 Pa.C.S.A. § 9545(b)(3) ("A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States . . . , or at the expiration of time for seeking the review"); ***see also*** U.S. Sup. Ct. R. 13.1. Since ***Alleyne*** was decided on June 17, 2013, Appellant is entitled to the benefit of ***Alleyne*** and the instant case does not implicate an impermissible retroactive application of that case.

Based on our review of the procedural background of this case and the relevant case law discussed above, we conclude that Appellant is entitled to resentencing without consideration of the mandatory minimum sentencing provision of 42 Pa.C.S.A. § 9712. Therefore, since the PCRA court erred in dismissing Appellant's petition raising an ***Alleyne*** challenge, we vacate the order denying Appellant PCRA relief, vacate Appellant's judgment of sentence, and remand for resentencing.

Order vacated. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 3/29/2017