J-S41028-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD WALTERS | : | |
| | : | |
| Appellant | : | No. 2844 EDA 2017 |

Appeal from the PCRA Order August 28, 2017
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0001282-2012

BEFORE: GANTMAN, P.J., OLSON, J., and STEVENS*, P.J.E.

CONCURRING STATEMENT BY STEVENS, P.J.E.: **FILED SEPTEMBER 06, 2018**

While I am constrained to agree with the Majority's decision to reverse the PCRA court's Order and remand for resentencing, I write separately to emphasize that in **Commonwealth v. DiMatteo**, 177 A.3d 182, 183 (Pa. 2018), the Pennsylvania Supreme Court granted review "to assess what relief, if any, a criminal defendant is entitled to when he raises an illegal sentencing challenge premised on **Alleyne v. United States**, 570 U.S. 99, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013) in a timely petition filed pursuant to the Post Conviction Relief Act, 42 Pa.C.S. §§ 9541–9546, when, at the time **Alleyne** was decided, the defendant's judgment of sentence was not yet final."  Citing **Commonwealth v. Newman**, 99 A.3d. 86, 90 (Pa. 2014) the Court stressed that "**Alleyne** applied only to cases *pending* on **direct review** *as of* June 17, 2013, the date of the **Alleyne** decision." **DiMatteo**, 177 A.3d at 187–88

_____

* Former Justice specially assigned to the Superior Court.

(italics added, boldface type in original). The Court ultimately held that its prior decision in **Commonwealth v. Washington**, 142 A.3d 810 (Pa. 2016) did not bar a petitioner "serving an illegal sentence from relief when such relief is sought in a timely PCRA petition and the judgment of sentence was not final when **Alleyne** was announced." **Id.** at 191.

The phrase "as of" is "used to indicate a time or date at which something begins of ends." *As of Definition*, Merriam Webster.com, http.//dictionary/browse/as is (last visited Aug. 22, 2018). Although Appellant did not file a direct appeal, as the Majority explains, he had until June 17, 2013, to do so. As such, his case was pending on direct review until the end of business on June 17, 2013; therefore, because his judgment of sentence was not yet final when **Alleyne** was decided and the instant, first PCRA petition was timely-filed, **Alleyne** is applicable to Appellant's case retroactively. **See Commonwealth v. Ruiz**, 131 A.3d 54, 60-61 (Pa.Super. 2015).