J-S29034-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| v. | : | |
| | : | |
| DEVIN NATHANIEL BYES-SANDERS | : | |
| | : | |
| Appellant | : | |
| | : | No. 1593 WDA 2015 |

Appeal from the PCRA Order September 14, 2015
in the Court of Common Pleas of Erie County Criminal Division
at No(s): CP-25-CR-0002258-2012

BEFORE: BENDER, P.J.E., PANELLA, and FITZGERALD,[*] JJ.

MEMORANDUM BY FITZGERALD, J.:                    **FILED MAY 11, 2016**

Appellant, Devin Nathaniel Byes-Sanders, appeals *pro se* from the order of the Erie County Court of Common Pleas denying his *pro se* "Petition to Vacate Illegal Sentence" and his counseled "Supplement to Motion for Post-Conviction Collateral Relief." Appellant challenges the constitutionality of his sentence pursuant to **Alleyne v. United States**, 133 S. Ct. 2151 (2013). We conclude Appellant's *pro se* motion constitutes a first Post Conviction Relief Act[1] ("PCRA") petition, reverse the order dismissing the petition, vacate Appellant's judgment of sentence, and remand for resentencing.

---

[*] Former Justice specially assigned to the Superior Court.

[1] 42 Pa.C.S. §§ 9541-9546.

This Court previously set forth the factual circumstances underlying Appellant's convictions, after a non-jury trial, for possession of a controlled substance,[2] possession with intent to deliver,[3] and possession of drug paraphernalia.[4] *See Commonwealth v. Bynes-Sanders*, 1544 WDA 2013 (Pa. Super. Aug. 21, 2014) (unpublished memorandum). For the present purposes, it suffices to note that the trial court, on August 29, 2013, sentenced Appellant to a mandatory minimum sentence of forty-eight months to ninety-six months' imprisonment pursuant to 18 Pa.C.S. § 7508(a)(3)(iii) ("Drug trafficking sentencing and penalties").

Appellant filed a direct appeal and this Court affirmed his judgment of sentence on August 21, 2014. Appellant did not petition for allowance of appeal and therefore his judgment of sentence became final on September 20, 2014. On May 8, 2015 Appellant filed the instant *pro se* "Petition to Vacate an Illegal Sentence" wherein he argues that his mandatory minimum sentence is illegal under *Alleyne*, which was decided June 17, 2013, prior to his sentencing. The PCRA court properly treated Appellant's petition as a

---

[2] 35 P.S. § 780-113(a)(16).

[3] 35 P.S. § 780-113(a)(30).

[4] 35 P.S. § 780-113(a)(32).

PCRA petition[5] and appointed William R. Hathaway, Esquire as PCRA counsel. Subsequently, on June 10, 2015, Appellant filed the instant, counseled supplement to his PCRA petition, which reiterated the claims initially set forth in his *pro se* filing.

On August 11, 2015, the PCRA court issued a notice of intent to dismiss Appellant's PCRA petition pursuant to Pa.R.Crim.P. 907, which found Appellant's ***Alleyne*** claim to be waived for failure to raise it prior to collateral review and even if not waived, such claim would fail because ***Alleyne*** would not be available on collateral review. PCRA Court's Rule 907 Notice, 8/11/15, at 3. On September 15, 2015, the PCRA court dismissed Appellant's PCRA petition. Appellant filed a timely notice of appeal and court-ordered Pa.R.A.P. 1925(b) statement. The PCRA court issued a responsive Rule 1925(a) opinion incorporating the reasoning set forth in the court's Rule 907 Notice.

On appeal, Appellant raises the following single issue for our review.

> Whether the lower court erred in failing to find that the mandatory minimum sentence imposed in the instant case constituted an illegal sentence under ***Alleyne***?

Appellant's Brief at 2.

Preliminarily, we note:

---

[5] A motion filed after a judgment of sentence is final and that challenges the legality of sentence must be construed as a PCRA petition. ***Commonwealth v. Taylor***, 65 A.3d 462, 466 (Pa. Super. 2013).

> Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's decision is free of legal error. The PCRA court's findings will not be disturbed unless there is no support for the finding in the certified record.

*Commonwealth v. Lawson*, 90 A.3d 1, 4 (Pa. Super. 2014) (citations omitted).

Further, our Court has held that an *Alleyne* claim presents "a non-waivable challenge to the legality of sentence [and] such a claim may be raised on direct appeal, **or** in a timely filed PCRA petition." *Commonwealth v. Ruiz*, 131 A.3d 54, 60 (Pa. Super. 2015). Indeed, pursuant to *Ruiz*, an *Alleyne* claim may be raised in a timely PCRA petition when a petitioner's judgment of sentence was not yet final when *Alleyne* was decided. *Id.* at 59-60.

"In *Alleyne*, the United States Supreme Court held any fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." *Ruiz*, 131 A.3d at 57 (citation and some punctuation omitted). This Court has specifically held that the holding in *Alleyne* renders 18 Pa.C.S. § 7508, in its entirety, unconstitutional because the statute permits the trial court to make factual determinations at sentencing under a relaxed preponderance of the evidence standard. *See Commonwealth v. Vargas*, 108 A.3d 858, 876-77 (Pa. Super. 2014) (*en banc*), *appeal denied*, 121 A.3d 496 (Pa. 2015).

In the case *sub judice*, **Alleyne** was decided prior to Appellant's sentencing. Thus, Appellant's **Alleyne** claim remains cognizable under his instant timely PCRA petition as his judgment of sentence was not yet final when **Alleyne** was issued. ***See Ruiz***, 131 A.3d at 60. Therefore, because this Court has specifically ruled that the statute pursuant to which Appellant was sentenced, 18 Pa.C.S. § 7508, is unconstitutional under **Alleyne**, we conclude that Appellant is entitled to be resentenced. Accordingly, we reverse the order denying PCRA relief, vacate the judgment of sentence, and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for proceedings consistent with this memorandum. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/11/2016

- 5 -