J-E01012-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| ANTHONY S. HASKINS, | |
| Appellant | No. 1815 MDA 2014 |

Appeal from the PCRA Order October 1, 2014
In the Court of Common Pleas of Dauphin County
Criminal Division at No(s): CP-22-CR-0003755-2008

BEFORE: FORD ELLIOTT, P.J.E., BENDER, P.J.E., BOWES, SHOGAN, LAZARUS, MUNDY, OLSON, OTT, AND STABILE, JJ.

MEMORANDUM BY BOWES, J.:                    **FILED JUNE 06, 2016**

Anthony Haskins appeals *pro se*[1] from the October 1, 2014 order denying his first timely PCRA petition. We vacate the October 1, 2014 order and Appellant's January 18, 2011 judgment of sentence and remand for resentencing.

Based on the following proof, a jury found Appellant guilty of possession of a controlled substance with intent to deliver ("PWID"), person

_____

[1] The PCRA court permitted initial PCRA counsel to withdraw pursuant to **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa.Super. 1988) (*en banc*). Thereafter, based on Appellant's response to the court's notice of intent to dismiss the petition without a hearing, the court appointed new PCRA counsel. That attorney was allowed to withdraw after Appellant requested to proceed *pro se* and was given a colloquy regarding waiver of counsel. N.T. PCRA Hearing, 7/30/14, at 15-17.

not to possess a firearm, carrying an unlicensed firearm, and possession of drug paraphernalia. On April 9, 2008, Harrisburg Police responded to a report of shots fired in the area of 13th and Market Streets in Harrisburg City. Appellant, who was located on 13th Street, was the shooting victim.[2] Witnesses reported that Appellant was actually shot on Brady Street, which was close to where he was found. At the corner of Brady Street, police found a functional gun and a set of car keys belonging to a silver Honda parked nearby on Howard Street. The Honda belonged to Alina Everchik, who was sitting in the vehicle when officers discovered it. Everchik reported that Appellant was her friend, had borrowed the car that morning, and, after he was shot, Appellant called her and told her to move that vehicle. She was unable to comply with Appellant's request because she did not have its keys.

Police had the car towed to the lot of a towing company, and obtained a search warrant for the Honda the following day. They discovered therein two clear baggies containing a total of 24.9 grams of marijuana. Everchik denied ownership of the marijuana. Police then obtained a warrant for Appellant's residence, where they found Everchik and Appellant as well as 37.1 grams of marijuana and a digital scale. Appellant admitted that the

---

[2] Appellant initially refused to identify his assailant, but eventually told police that Donald Woods shot him.

marijuana in the residence belonged to him and that he had been driving the Honda on April 9, 2008, from morning until the time of the shooting. The Commonwealth also presented expert testimony that, under the facts and circumstances present in this case, the marijuana in question was possessed with the intent to deliver.

The trial court imposed its judgment of sentence on January 18, 2011. The sentence included application of 42 Pa.C.S. § 9712.1[3] on the PWID offense. N.T. Sentencing, 1/18/11, at 15. The court also sentenced Appellant to a consecutive term of incarceration of three to six years on one of the firearm offenses so that Appellant's aggregate judgment of sentence was eight to sixteen years incarceration. Appellant timely appealed to this Court, which affirmed on September 25, 2012. **Commonwealth v. Haskins**, 60 A.3d 861 (Pa.Super. 2012) (unpublished memorandum). Our Supreme Court denied allowance of appeal on May 6, 2013. **Commonwealth v. Haskins**, 67 A.3d 794 (Pa. 2013).

On June 17, 2013, the United States Supreme Court disseminated its decision in **Alleyne v. United States**, 133 S.Ct. 2151, 2155 (2013),

---

[3] Section 9712.1, which has been ruled unconstitutional, required imposition of a five-year mandatory minimum jail term for a PWID conviction if a firearm was found in close proximity to the illegal drugs. That statute also stated that its provisions were not elements of the crime and were to be determined at sentencing by the court pursuant to a preponderance-of-the-evidence standard.

wherein the Court held that "[a]ny fact that, by law, increases the penalty for a crime is an 'element' that must be submitted to the jury and found beyond a reasonable doubt." Pursuant to **Alleyne**, the defendant has a constitutional right to have a jury decide the existence of any fact, other than a prior conviction, beyond a reasonable doubt if that fact triggers application of a mandatory minimum sentence.  Herein, the facts necessary for application of § 9712.1 were found by the sentencing court pursuant to a preponderance of the evidence standard.  **See** footnote 3, *supra*.  On August 20, 2014, this Court decided in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*), that 42 Pa.C.S. § 9712.1 is unconstitutional in its entirety under **Alleyne**.[4]

Appellant herein did not file a writ of *certiorari* from our Supreme Court's May 6, 2013 denial of allowance of appeal from our affirmance of his judgment of sentence.  Appellant did file a timely *pro se* PCRA petition on May 30, 2013.  On June 3, 2013, the PCRA court appointed counsel, who was subsequently permitted to withdraw.  **See** footnote 1, *supra*.  As noted, on June 17, 2013, the United States Supreme Court decided **Alleyne**.  Even though a writ of *certiorari* could have been timely filed following PCRA

---

[4] In **Commonwealth v. Hopkins***, 117 A.3d 247 (Pa. 2015), our Supreme Court employed the same reasoning as the *en banc* Court in **Newman**, and declared a different mandatory minimum sentencing provision, 18 Pa.C.S. § 6317, void in its entirety under **Alleyne**.

counsel's June 3, 2013 appointment, PCRA counsel did not file that writ. Specifically, Appellant had until August 4, 2013, ninety days after the May 6, 2013 denial of allowance of appeal by our Supreme Court, to seek *certiorari* in the United States Supreme Court.[5]

In this timely PCRA proceeding, Appellant sought relief from his judgment of sentence pursuant to **Alleyne**. On October 1, 2014, the PCRA court denied relief based upon its conclusion that **Alleyne** was not retroactively applicable to PCRA petitioners. This timely appealed ensued, and the matter initially was submitted to a panel. This Court *sua sponte* granted *en banc* review. The only relief that Appellant seeks in this appeal is re-sentencing without application of the unconstitutional mandatory minimum sentence applied in this matter.

_____

[5] United States Supreme Court Rule 13 states:

> Unless otherwise provided by law, a petition for a writ of *certiorari* to review a judgment in any case, civil or criminal, entered by a state court of last resort . . . is timely when it is filed with the Clerk of this Court within 90 days after entry of the judgment. A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review.

U.S. Sup. Ct. R. 13.

On January 25, 2016, Appellant submitted a supplemental brief seeking application of our December 30, 2015 decision in **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa.Super. 2015). The Commonwealth did not respond to the supplemental brief. In **Ruiz**, the defendant was denied PCRA relief pursuant to a timely-filed PCRA petition. On appeal, the defendant, who was sentenced under the same mandatory minimum at issue in the present case, claimed that he was entitled to re-sentencing under **Alleyne** and **Newman**. We agreed with that contention, vacated the judgment of sentence, and remanded for resentencing.

The **Ruiz** Court concluded that Ruiz was entitled to be re-sentenced since he filed a timely PCRA petition and since **Alleyne** had been decided when his judgment of sentence was not final, as defined by the PCRA. Specifically, Ruiz did not file a direct appeal, but **Alleyne** was issued within the thirty-day window for filing one. In **Ruiz**, we specifically distinguished **Commonwealth v. Riggle**, 119 A.3d 1058 (Pa.Super. 2015), which held that a PCRA petitioner is not entitled to retroactive application of the **Alleyne** decision. The **Ruiz** Court concluded that **Riggle** was inapplicable because **Alleyne** was issued after Riggle's sentence was final, as defined by the PCRA. In so doing, we observed that **Newman** held that **Alleyne** applies to any case pending on direct appeal when **Alleyne** was filed. **See Schriro v. Summerlin**, 542 U.S. 348, 351 (2004) ("When a decision of this

Court results in a 'new rule,' that rule applies to all criminal cases still pending on direct review.").[6]

Our conclusion in **Ruiz** was that, if a defendant's direct appeal was pending when **Alleyne** was filed, the defendant is entitled to relief pursuant to a timely PCRA petition since an **Alleyne** claim is a non-waivable challenge to the legality of sentence, which is cognizable under the PCRA. **See Newman**, **supra** at 90 ("challenge to a sentence premised upon **Alleyne** . . . implicates the legality of the sentence," and such a challenge cannot be waived); **Commonwealth v. Beck**, 848 A.2d 987, 989 (Pa.Super. 2004) ("Issues concerning the legality of sentence are cognizable under the PCRA."). Under **Ruiz**, a defendant is entitled to relief pursuant to **Alleyne** and **Newman** if the defendant's judgment of sentence was still pending on direct review, as determined by reference to § 9545(b)(3) of the PCRA, when **Alleyne** was filed.

We find **Ruiz** persuasive and apply it in the present case. Appellant's judgment of sentence was still pending on direct review when **Alleyne** was issued. Section 9545(b)(3) states, "For purposes of this subchapter, a judgment becomes final at the conclusion of direct review, including

---

[6] **Alleyne** is a new rule of law in that it overruled existing Supreme Court precedent that provided that any fact necessary to trigger application of a mandatory minimum sentence did not have to be submitted to a jury and proven beyond a reasonable doubt. **See Harris v. United States**, 536 U.S. 545 (2002); **McMillan v. Pennsylvania**, 477 U.S. 79 (1986).

discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3). On May 6, 2013, our Supreme Court denied allowance of appeal from our affirmance of Appellant's judgment of sentence. As analyzed, *supra*, Appellant had ninety days to petition for a writ of *certiorari*. Thus, Appellant's judgment of sentence became final for purposes of § 9545(b)(3) on August 4, 2013, when the time for seeking review in the United States Supreme Court expired. **Alleyne** was issued on June 17, 2013, while Appellant's direct appeal was pending, and he therefore is entitled to application of **Alleyne** and **Newman**.

The October 1, 2014 PCRA order and the January 18, 2011 judgment of sentence are vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>6/6/2016</u>