J-S58037-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| PETER MILANO | |
| Appellant | No. 2210 MDA 2015 |

Appeal from the PCRA Order November 23, 2015
In the Court of Common Pleas of Adams County
Criminal Division at No(s): CP-01-CR-0000836-2005

BEFORE:  GANTMAN, P.J., BOWES, J., and PLATT, J.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED AUGUST 09, 2016**

Appellant, Peter Milano, appeals *pro se* from the order entered in the Adams County Court of Common Pleas, which denied his second petition filed under the Post Conviction Relief Act ("PCRA") at 42 Pa.C.S.A. §§ 9541-9546.  On June 2, 2006, a jury convicted Appellant of three counts of delivery of a controlled substance.  On September 18, 2006, the court sentenced Appellant to an aggregate term of 10-20 years' incarceration, which included imposition of mandatory minimum terms on each count pursuant to 18 Pa.C.S.A. § 7508.  This Court affirmed the judgment of sentence on February 11, 2008, and the Pennsylvania Supreme Court denied allowance of appeal on September 18, 2008.  ***See Commonwealth v. Milano***, 951 A.2d 1214 (Pa.Super. 2008), *appeal denied*, 599 Pa. 690, 960

---

*Retired Senior Judge assigned to the Superior Court.

A.2d 838 (2008). Appellant filed his first PCRA petition on April 6, 2009, which the PCRA court denied on September 4, 2009. This Court affirmed the denial of PCRA relief. **See Commonwealth v. Milano**, 998 A.2d 999 (Pa.Super. 2010). Appellant *pro se* filed the current second PCRA petition on August 28, 2015. On September 14, 2015, the PCRA court issued notice of intent to dismiss the petition without a hearing pursuant to Pa.R.Crim.P. 907 and dismissed the petition on November 23, 2015. On December 17, 2015, Appellant timely filed a *pro se* notice of appeal. The court ordered Appellant to file a concise statement of errors complained of on appeal per Pa.R.A.P. 1925(b), and Appellant timely complied.

The timeliness of a PCRA petition is a jurisdictional requisite. **Commonwealth v. Hackett**, 598 Pa. 350, 956 A.2d 978 (2008). A PCRA petition must be filed within one year of the date the underlying judgment becomes final. 42 Pa.C.S.A. § 9545(b)(1). A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review. 42 Pa.C.S.A. § 9545(b)(3). The three statutory exceptions to the PCRA's timeliness provisions allow for limited circumstances under which the late filing of a petition will be excused. **See** 42 Pa.C.S.A. § 9545(b)(1). To invoke the "new constitutional right" exception, the petitioner must plead and prove that "the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been

held by that court to apply retroactively." 42 Pa.C.S.A. § 9545(b)(1)(iii). A petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. 42 Pa.C.S.A. § 9545(b)(2).

Instantly, Appellant's judgment of sentence became final on December 17, 2008, upon expiration of the time to file a petition for writ of *certiorari* with the U.S. Supreme Court. **See** U.S.Sup.Ct.R. 13. Appellant filed the current PCRA petition on August 28, 2015. Thus, Appellant's petition is patently untimely. **See** 42 Pa.C.S.A. § 9545(b)(1). **See also Commonwealth v. Taylor**, 65 A.3d 462 (Pa.Super. 2013) (stating: "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition"). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in **Alleyne v. U.S.**, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and the Pennsylvania Supreme Court's decision in **Commonwealth v. Hopkins**, ___ Pa. ___, 117 A.3d 247 (2015). Neither the U.S. Supreme Court nor the Pennsylvania Supreme Court, however, has held that **Alleyne** or its progeny apply retroactively. **See Commonwealth v. Miller**, 102 A.3d 988 (Pa.Super. 2014) (holding that even if **Alleyne** announced new constitutional right, neither our Supreme Court nor United States Supreme Court has held that **Alleyne** applies retroactively, which is fatal to appellant's attempt to satisfy "new constitutional right" exception to

timeliness requirements of PCRA). *See also Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015) (explaining *Alleyne* does not invalidate illegal mandatory minimum sentence when claim was presented in untimely PCRA petition). *See also Commonwealth v. Washington*, ___ A.3d ___, 2016 WL 3909088 (Pa. filed July 19, 2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal"). Therefore, Appellant's petition remains time barred; and the PCRA court lacked jurisdiction to review it. *See Hackett, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/9/2016