J-S86041-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| STEVEN A. LUKOWICH | |
| Appellant | No. 919 WDA 2016 |

Appeal from the PCRA Order June 8, 2016
In the Court of Common Pleas of Erie County
Criminal Division at No(s): CP-25-CR-0001252-2002

BEFORE:  GANTMAN, P.J., MOULTON, J., and STEVENS, P.J.E.*

JUDGMENT ORDER BY GANTMAN, P.J.:          **FILED DECEMBER 08, 2016**

Appellant, Steven A. Lukowich, appeals *pro se* from the order entered in the Erie County Court of Common Pleas, which dismissed his serial petition filed under the Post Conviction Relief Act ("PCRA"), at 42 Pa.C.S.A. §§ 9541-9546.  On August 19, 2003, a jury convicted Appellant of two counts each of involuntary deviate sexual intercourse ("IDSI") and indecent assault, and one count each of aggravated indecent assault of a child less than 13, endangering the welfare of children ("EWOC"), and corruption of minors.  The court sentenced Appellant on November 26, 2003, to an aggregate term of 14¾ to 39 years' imprisonment.  This Court affirmed the judgment of sentence on May 26, 2005, and our Supreme Court denied allowance of appeal on September 21, 2005.  ***See Commonwealth v.***

_____

*Former Justice specially assigned to the Superior Court.

*Lukowich*, 875 A.2d 1169 (Pa.Super. 2005), *appeal denied*, 584 Pa. 706, 885 A.2d 41 (2005).  On March 21, 2006, Appellant timely filed his first PCRA petition, which the court denied on June 22, 2006.  This Court affirmed the order denying relief on March 8, 2007, and our Supreme Court denied allowance of appeal on August 21, 2007.  *See Commonwealth v. S.A.L.*, 927 A.2d 653 (Pa.Super. 2009), *appeal denied*, 593 Pa. 739, 929 A.2d 1162 (2007).  On October 29, 2007, Appellant filed his second PCRA petition, which the PCRA court denied on December 11, 2007.  Appellant sought no further review.  On May 4, 2016, Appellant filed the current, serial *pro se* PCRA petition.  The court issued Pa.R.Crim.P. 907 notice on May 16, 2016; Appellant responded *pro se* on June 6, 2016.  The court dismissed Appellant's petition as untimely on June 9, 2016.  On June 22, 2016, Appellant timely filed a *pro se* notice of appeal.  The court ordered Appellant on June 24, 2016 to file a concise statement of errors complained of on appeal pursuant to Pa.R.A.P. 1925(b); Appellant timely complied on July 8, 2016.

The timeliness of a PCRA petition is a jurisdictional requisite. *Commonwealth v. Turner*, 73 A.3d 1283 (Pa.Super. 2013), *appeal denied*, 625 Pa. 649, 91 A.3d 162 (2014).  A PCRA petition must be filed within one year of the date the underlying judgment becomes final.  42 Pa.C.S.A. § 9545(b)(1).  A judgment is deemed final at the conclusion of direct review or at the expiration of time for seeking review.  42 Pa.C.S.A. § 9545(b)(3).

The three statutory exceptions to the PCRA's timeliness provisions allow for very limited circumstances under which the late filing of a petition will be excused; and a petitioner asserting a timeliness exception must file a petition within 60 days of the date the claim could have been presented. *See* 42 Pa.C.S.A. § 9545(b)(1-2).

Instantly, Appellant's judgment of sentence became final on December 20, 2005, upon expiration of the time to file a petition for writ of *certiorari* with the United States Supreme Court. *See* U.S.Sup.Ct.R. 13 (allowing 90 days to file petition for writ of *certiorari*). Appellant filed the current petition on May 4, 2016, which is patently untimely. *See* 42 Pa.C.S.A. § 9545(b)(1). *See* 42 Pa.C.S.A. § 9545(b)(1). *See also Commonwealth v. Taylor*, 65 A.3d 462 (Pa.Super. 2013) (stating: "[A]lthough illegal sentencing issues cannot be waived, they still must be presented in a timely PCRA petition"). Appellant attempts to invoke the "new constitutional right" exception to the PCRA time bar by citing the U.S. Supreme Court's decision in *Alleyne v. U.S.*, ___ U.S. ___, 133 S.Ct. 2151, 186 L.Ed.2d 314 (2013), and the Pennsylvania Supreme Court's decision in *Commonwealth v. Wolfe*, ___ Pa. ___, 140 A.3d 651 (2016). Neither the U.S. Supreme Court nor the Pennsylvania Supreme Court, however, has held that *Alleyne* or its progeny apply retroactively. *See Commonwealth v. Miller*, 102 A.3d 988 (Pa.Super. 2014) (holding that even if *Alleyne* announced new constitutional right, neither our Supreme Court nor United States Supreme

- 3 -

Court has held that *Alleyne* applies retroactively, which is fatal to Appellant's effort to satisfy "new constitutional right" exception to timeliness requirements of PCRA). *See also Commonwealth v. Ruiz*, 131 A.3d 54 (Pa.Super. 2015) (explaining *Alleyne* does not invalidate illegal mandatory minimum sentence when claim was presented in untimely PCRA petition); *Commonwealth v. Washington*, ___ Pa. ___, 142 A.3d 810 (2016) (holding *Alleyne* does not apply retroactively on collateral review to challenge to mandatory minimum sentence as "illegal"). Therefore, Appellant's petition remains time barred, and the PCRA court lacked jurisdiction to review it. *See Turner, supra*. Accordingly, we affirm.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/8/2016