J-S56027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| RYAN THOMAS | |
| Appellant | No. 75 EDA 2017 |

Appeal from the PCRA Order Dated December 12, 2016
In the Court of Common Pleas of Delaware County
Criminal Division at No: CP-23-CR-0002727-2011

BEFORE:  BOWES, STABILE, and PLATT,[*] JJ.

MEMORANDUM BY STABILE, J.:                    **FILED NOVEMBER 28, 2017**

Appellant Ryan Thomas appeals from the December 12, 2016 order of the Court of Common Pleas of Delaware County, which denied his request for collateral relief under the Post Conviction Relief Act (the "PCRA"), 42 Pa.C.S.A. §§ 9541-46.  Upon review, we vacate and remand.

Appellant's sole issue on appeal is that the PCRA court erred in dismissing his timely first PCRA petition challenging his mandatory minimum sentence of 60 to 120 months' imprisonment under **Alleyne v. United States**, 133 S. Ct. 2151, 2161-63 (2013) (holding that any fact other than a prior conviction that triggers a mandatory minimum sentence must be found

_____

[*] Retired Senior Judge assigned to the Superior Court.

by a jury beyond a reasonable doubt).[1] *Alleyne* was decided on June 17, 2013, nearly four months before Appellant was sentenced on October 9, 2013.[2] An *Alleyne* challenge implicates the legality of a sentence, which "may be entertained as long as the reviewing court has jurisdiction. An illegal sentence must be vacated. Issues relating to the legality of a sentence are questions of law. Our standard of review over such questions is *de novo* and our scope of review is plenary." *Commonwealth v. Ali*, 112 A.3d 1210, 1225 (Pa. Super. 2015) (internal citations, quotations, and corrections omitted). An *Alleyne* claim is a non-waivable challenge to the legality of a sentence that may be raised for the first time in a timely-filed PCRA petition, so long as the judgment of sentence was not final when *Alleyne* was decided. *Commonwealth v. Ruiz*, 131 A.3d 54, 59-60 (Pa. Super. 2015).

The PCRA court and the Commonwealth now agree with Appellant's contention and urge us to vacate Appellant's judgment of sentence and

---

[1] Appellant entered into a negotiated plea to, *inter alia*, possession with intent to deliver, which carried a mandatory minimum sentence under 18 Pa.C.S.A. § 7508.

[2] On November 7, 2013, the trial court denied Appellant's post-sentence motion. Appellant did not file a direct appeal. His judgment of sentence became final on December 9, 2013. On October 20, 2014, Appellant filed the instant PCRA petition, asserting the *Alleyne* violation. The PCRA court appointed counsel who eventually filed a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) and *Commonwealth v. Finley*, 550 A.2d 213 (Pa. Super. 1988) (*en banc*) and petitioned to withdraw from the case. The PCRA court granted counsel's petition on November 30, 2015. Thereafter, following the PCRA court's issuance of a Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing, the PCRA court denied Appellant PCRA relief on December 12, 2016.

remand this matter for resentencing consistent with *Alleyne*. Because *Alleyne* was decided before Appellant was sentenced, we agree with the parties' and the PCRA court's conclusion that the PCRA court's order denying Appellant PCRA relief must be reversed. *See Commonwealth v. Mosley*, 114 A.3d 1072, 1091 (Pa. Super. 2015) (invalidating 18 Pa.C.S.A. § 7508), *appeal denied*, 166 A.3d 1215 (Pa. 2017). Accordingly, we vacate Appellant's judgment of sentence and remand for resentencing.

Order reversed. Judgment of sentence vacated. Case remanded for resentencing. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/28/2017

- 3 -