J-S09027-18

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| YAMIL RUIZ-VEGA | : | |
| | : | No. 137 MDA 2017 |
| Appellant | | |

Appeal from the PCRA Order Entered December 19, 2016
In the Court of Common Pleas of Berks County Criminal Division at
No(s): CP-06-CR-0003037-2012

BEFORE: GANTMAN, P.J., McLAUGHLIN, J., and PLATT*, J.

MEMORANDUM BY McLAUGHLIN, J.: **FILED MAY 03, 2018**

Yamil Ruiz-Vega ("Ruiz-Vega") appeals from the December 19, 2016 order dismissing his Post Conviction Relief Act ("PCRA") petition as untimely. We affirm.

The history of this case is as follows. On June 5, 2013, Ruiz-Vega pled guilty to possession with intent to deliver a controlled substance ("PWID"), criminal conspiracy, and possession of a firearm with altered manufacturer's number.[1] On that same day, his brother, who was his codefendant, pled guilty to PWID, criminal conspiracy, and criminal use of communication facility.[2] *See Commonwealth v. Ruiz*, 131 A.3d 54, 55 (Pa.Super. 2015). The trial court

_____

* Retired Senior Judge assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903, and 6110.2(a), respectively.

[2] 35 P.S. § 780-113(a)(30), 18 Pa.C.S.A. §§ 903, and 7512, respectively.

sentenced both defendants on June 5, 2013. Ruiz-Vega received an aggregate sentence of six to 17 years' incarceration; his brother was sentenced to a total of six to 20 years in prison. *Id.* The court imposed sentence on both brothers on the PWID charge pursuant to the mandatory minimum sentence for possession or control of a firearm at the time of the offense. *See* 42 Pa.C.S.A. § 9712.1.[3] On June 18, 2013, Ruiz-Vega filed a *pro se* post-sentence motion, which was denied by operation of law on October 16, 2013. He did not file a direct appeal.

The brothers later retained Emily Cherniack, Esquire, to represent both of them in post-conviction proceedings. Ruiz-Vega claims on appeal that Attorney Cherniack began representing both him and his brother at the same time. However, the certified record contains no evidence supporting that claim, and the trial court docket does not show that Attorney Cherniack formally entered her appearance on his behalf.

On June 2, 2014, Attorney Cherniack filed a timely PCRA petition on behalf of Ruiz-Vega's brother, arguing under **Alleyne**[4], that his mandatory minimum sentence was illegal. **Ruiz**, 131 A.3d at 56. She did not file a petition on behalf of Ruiz-Vega at that time. The PCRA court dismissed the petition, but in December 2015, this Court reversed. We concluded that because his

---

[3] Held to be unconstitutional under **Alleyne** in **Commonwealth v. Newman**, 99 A.3d 86 (Pa.Super. 2014) (*en banc*).

[4] **Alleyne v. United States**, 570 U.S. 99 (2013) (holding that any fact that, by law, increases the penalty for a crime is an element that must be submitted to the jury and found beyond a reasonable doubt).

case was pending on direct appeal when the U.S. Supreme Court decided *Alleyne*, his brother was eligible for relief under *Alleyne*. *Id.* at 59. We therefore reversed the order denying relief, vacated the sentence, and remanded for resentencing. *Id.* at 60-61. He was resentenced in April 2016 to a total of four to 10 years in prison.[5]

Approximately six months after we announced our decision in his brother's appeal, on June 8, 2016, Attorney Cherniack filed Ruiz-Vega's first PCRA petition. The petition claimed that Ruiz-Vega's mandatory minimum sentence was illegal under *Alleyne*, and asserted that the petition was subject to the time-bar exception for a newly recognized constitutional right. The PCRA court filed and served a Notice of Intent to Dismiss pursuant to Pa.R.Crim.P. 907, on the basis that the petition was untimely. Neither Ruiz-Vega nor Attorney Cherniack filed any response to the Rule 907 notice, and the trial court ultimately dismissed the petition on December 19, 2016. Ruiz-Vega filed a timely *pro se* notice of appeal, and Attorney Cherniack withdrew her appearance on his behalf. We remanded to the PCRA court for a hearing to determine whether Ruiz-Vega wished to proceed *pro se* or apply for appointment of new counsel, and after a hearing, the trial court appointed new counsel.

Current counsel then sent a letter to Attorney Cherniack asking for the date on which she began to represent Ruiz-Vega, but she allegedly did not

---

[5] *See Commonwealth v. Ruiz*, No. 860 MDA 2016, unpublished memorandum at 3 (Pa.Super. filed Feb. 21, 2017).

respond. Counsel then filed a "Motion to Compel Emily Cherniack, Esquire to Furnish Law Office File to Current Counsel for Defendant." The PCRA court then issued a Rule to Show Cause on Attorney Cherniack, to which she responded that she had already provided new counsel with her complete file:

> Please accept this letter as a response to the rule to show cause in the above captioned matter. As you are aware, I represented Mr. Ruiz's brother Jorge Ruiz, who was able to successfully obtain a new sentencing hearing based on changed [sic] in the law. Yamil Ruiz, was Mr. Jorge Ruiz's co-defendant, and hired me to litigate the same issue on his behalf in a PCRA petition. I was not his lawyer in the trial court and did not have trial file. Most of the documents that I have are part of the court file. In addition, Mr. Jorge's Ruiz's case resulted in a published opinion by the Superior Court and is also available to the public.
>
> Although it is not much, I have mailed whatever documents that I have to Mr. Deming today.

Emily Cherniack Correspondence, 8/16/17.

Current PCRA counsel alleges that the enclosures with this letter did not contain a written fee agreement, correspondence with Ruiz-Vega, or any other evidence of the date on which Attorney Cherniack began to represent Ruiz-Vega. Ruiz-Vega's Br. at 9. However, current counsel did not ask the PCRA court to order further relief, and the court did not do so *sua sponte*. Nor did current counsel seek leave to file a *nunc pro tunc* response to the Rule 907 notice.

On appeal, Ruiz-Vega raises two issues for our review:

1. Did the PCRA court err in dismissing the appellant's PCRA petition and not granting him a new sentencing hearing given the holding in **Alleyne v. United States**, 133 S.Ct. 2151, 186

L.Ed.2d 314 (2013) and given the fact that the appellant's brother/co-defendant was granted such relief?

2. Did the trial court err in dismissing the appellant's PCRA petition given that his lawyer abandoned him by representing him during the timeframe in which she could have filed a timely petition, but waiting to file such a petition after the one year deadline?

Ruiz-Vega's Br. at 4.

Ruiz-Vega argues that, like his brother, he is entitled to resentencing pursuant to **Alleyne**, and the trial court erred in denying him that relief. He also maintains that PCRA counsel Emily Cherniack was ineffective because she abandoned him by failing to file a timely PCRA petition raising his **Alleyne** claim. He contends that it is fundamentally unfair to award his brother such relief yet deny it to him on the ground that his PCRA petition was untimely. He argues that if no presently existing timeliness exception excuses his late petition, we should "extend the law" or "create another exception . . . ." Ruiz-Vega's Br. at 17.

We affirm the dismissal of the petition on untimeliness grounds. All claims cognizable under the PCRA must be filed within one year of the date the judgment becomes final unless a statutory exception to the one-year time bar applies. 42 Pa.C.S.A. § 9545(b). A judgment becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking direct review. 42 Pa.C.S.A. § 9545(b)(3).

A PCRA petitioner who files a PCRA petition after the one-year deadline may still obtain relief if he or she pleads and proves one of the three statutory exceptions to the time bar:

(i)     The failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii)    The facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii)   The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). A petitioner must raise the exception within 60 days of the date on which it could have first been raised. 42 Pa.C.S.A. § 9545(b)(2).

Ruiz-Vega's PCRA petition was patently untimely. His judgment of sentence became final on November 15, 2013, after his time to appeal to this Court expired. *See* Pa.R.A.P. 903(a) (notice of appeal must be filed within 30 days after entry of order from which the appeal is taken). He thus had until November 17, 2014[6] to file a PCRA petition. The instant petition was filed on

_____

[6] One year from November 15, 2013 was November 15, 2014. However that day fell on a Saturday. *See* 1 Pa.C.S.A. § 1908 (providing that when a statutory filing deadline falls on a Saturday, Sunday, or holiday, the deadline will be extended to the next business day).

June 8, 2016, approximately a year and a half after the one-year deadline. It was therefore untimely, and the PCRA court lacked jurisdiction, unless Ruiz-Vega pleaded and proved that one of the exceptions applied. **See Commonwealth v. Fahy**, 737 A.2d 214, 222 (Pa. 1999); **Commonwealth v. Derrickson**, 923 A.2d 466, 468 (Pa.Super. 2007).

He did not, and he concedes as much. Although his PCRA petition claimed eligibility for the exception for new constitutional rights, he does not argue that exception on appeal, and for good reason. He did not assert the claim within 60 days of when we announced our decision in his brother's appeal. He instead contends in this appeal that we should allow his untimely petition because his brother obtained relief, Attorney Cherniack abandoned him during PCRA proceedings by failing to file a timely petition, and "fundamental fairness" requires us to extend existing law or create new law to allow him access to the same relief. Ruiz-Vega's Br. at 16-17.

These arguments are meritless. The General Assembly did not write the PCRA to include a time-bar exception for "fundamental unfairness," and we are not empowered to engraft a new exception onto the statute. **See Commonwealth v. Watts**, 23 A.3d 980, 983 (Pa. 2011).[7] Moreover, Ruiz-Vega is in a different position than his brother because his brother filed a

---

[7] "[The PCRA] confers no authority upon this Court to fashion *ad hoc* equitable exceptions to the PCRA time-bar in addition to those exceptions expressly delineated in the Act." **Watts**, 23 A.3d at 983 (citation omitted).

- 7 -

timely PCRA petition. It is therefore not fundamentally unfair to treat him differently than his brother.

Reading Ruiz-Vega's brief broadly, he also seems to be contending that Attorney Cherniack's abandonment of him excuses his late filing. Although counsel's abandonment under certain circumstances can amount to a "newly discovered fact" sufficient to toll the time-bar, the petitioner must still raise the claim in the first instance in the trial court. *See Commonwealth v. Bennett*, 930 A.2d 1264, 1274 (Pa. 2007). A PCRA petitioner can raise the issue in response to a Rule 907 notice. *See Commonwealth v. Pitts*, 981 A.2d 875, 880 n.4 (Pa. 2009). Ruiz-Vega's failure to do so amounts to waiver here. We therefore affirm the order dismissing his PCRA petition as untimely.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/2018