J-S08026-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JONATHAN T. MOORE, | : | |
| | : | |
| Appellant. | : | No. 541 EDA 2018 |

Appeal from the PCRA Order, January 19, 2018,
in the Court of Common Pleas of Philadelphia County,
Criminal Division at No(s):  CP-51-CR-0014039-2010,
CP-51-CR-0014051-2010.

BEFORE:   BENDER, P.J.E., KUNSELMAN, J., and STEVENS*, P.J.E.

MEMORANDUM BY KUNSELMAN, J.:                    **FILED MAY 03, 2019**

Jonathan T. Moore appeals from the order denying his first petition filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  We affirm.

The pertinent facts and partial procedural history are as follows:  On September 19, 2011, a jury convicted Moore of one count of robbery, one count of criminal conspiracy, two counts of a carrying a firearm without a license, and two counts of possessing an instrument of crime.  Additionally, following a subsequent bench trial, the trial court convicted Moore of an additional firearm violation.  On November 4, 2011, the trial court imposed an aggregate sentence of thirteen to twenty-six years of imprisonment.  Included in this aggregate, the trial imposed consecutive five to ten-year sentences for

_____

*   Former Justice specially assigned to the Superior Court.

Moore's robbery and conspiracy convictions. The trial court denied Moore's post-sentence motion as untimely.

Moore filed a timely appeal to this Court, in which he raised three issues, including a challenge to the discretionary aspects of his sentence. Finding no merit to the first two issues, and concluding that Moore had not preserved his discretionary challenge, we affirmed his judgment of sentence on May 23, 2013. **Commonwealth v. Moore**, 81 A.2d 987 (Pa. Super. 2013) (unpublished memorandum).

Moore's counsel did not file a timely petition for allowance of appeal to our Supreme Court. Thus, for PCRA purposes, his judgment of sentence would have become final on June 1, 2013. However, Moore thereafter filed a *pro se* "Application for Leave to File Allocatur Nunc Pro Tunc" to our Supreme Court, as well as several other filings. Ultimately, the high court remanded the case for appointment of new counsel, who was to file a petition for allowance of appeal within sixty days of his appointment. New counsel filed the petition on October 14, 2014, and our Supreme Court denied it on January 22, 2015.

On August 10, 2015, Moore filed the timely PCRA petition at issue. The PCRA court appointed counsel. Thereafter, PCRA counsel filed an amended petition, in which Moore asserted that appellate counsel was ineffective for failing to file a petition for allowance of appeal to our Supreme Court raising a claim that the mandatory minimum sentences imposed by the trial court for his robbery and conspiracy convictions violated **Alleyne v. U.S.**, 133 S.Ct.

2151 (2013).[1] **Alleyne** was decided approximately one month after this Court affirmed Moore's judgment of sentence.

The Commonwealth filed a motion to dismiss Moore's PCRA petition. On November 20, 2017, the PCRA Court issued Pa.R.Crim.P. 907 notice of its intent to dismiss the petition without a hearing. Moore did not file a response. By order entered January 19, 2018, the PCRA court dismissed the PCRA petition. This appeal followed.[2] Both Moore and the PCRA court have complied with Pa.R.A.P. 1925.

In his sole issue raised on appeal, Moore claims that the PCRA court erred when it denied his amended PCRA petition. **See** Moore's Brief at 3. According to Moore:

> [His] appellate counsel was ineffective for having failed to raise the **Alleyne** issue at the first available opportunity which was in the Pennsylvania Supreme Court. That was clear ineffectiveness as the inaction of that counsel deprived [Moore] of relief pursuant to [**Alleyne**, **supra**]. Thus, this matter should be remanded to the Sentencing Court for a new Sentencing Hearing which can take into account the **Alleyne** Decision.

Moore's Brief at 5.

_____

[1] In **Alleyne**, the Supreme Court of the United States held that the Sixth Amendment to the U.S. Constitution requires that facts that increase a mandatory minimum sentence for an offense must be submitted to a jury and proven beyond a reasonable doubt. **See Alleyne**, 133 S.Ct. at 2163.

[2] Although Moore's notice of appeal contains two docket numbers, it was filed prior to our Supreme Court's decision in **Commonwealth v. Walker**, 185 A.3d 969 (Pa. 2018) (requiring separate notices of appeal for each docket number).

"Our standard of review for issues arising from the denial of PCRA relief is well-settled. We must determine whether the PCRA court's ruling is supported by the record and free of legal error." *Commonwealth v. Spotz*, 171 A.3d 675, 678 (Pa. 2017). The PCRA petitioner has the burden of persuading an appellate court that the PCRA court erred and that such error warrants post-conviction relief. *Commonwealth v. Wholaver*, 177 A.3d 136, 144-45 (Pa. 2018). This Court may affirm an order denying post-conviction relief for any reason supported by the record. *Id.* at 145.

To be entitled to relief on a claim of ineffective assistance of counsel, a PCRA petitioner must establish that (1) the underlying claim is of arguable merit; (2) there was no reasonable basis for counsel's action or failure to act; and (3) but for counsel's error, there is a "reasonable probability the result of the proceeding would have been different." *Commonwealth v. Treiber*, 121 A.3d 435, 444 (Pa. 2015). Failure to satisfy any of the three prongs is fatal to a claim of ineffective assistance of counsel. *Commonwealth v. Spotz*, 84 A.3d 294, 311 (Pa. 2014).

Moreover, we presume counsel's assistance was effective, and the PCRA petitioner bears the burden of proving otherwise. *Id.*, *see also Commonwealth v. Lesko*, 15 A.3d 345, 380 (Pa. 2011) (explaining, "[w]hen evaluating ineffectiveness claims, 'judicial scrutiny of counsel's performance must be highly deferential'" (citation omitted)). Additionally, the right to an evidentiary hearing on the merits of a PCRA petition is not absolute. *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012).

Moore's ineffectiveness claim lacks arguable merit. Because his judgment of sentence was not final when **Alleyne** was decided, Moore could raise the alleged **Alleyne** violation in a timely filed PCRA petition. **See generally**, **Commonwealth v. Ruiz**, 131 A.3d 54 (Pa. Super. 2015). Thus, Moore's prior counsel did not need to raise the **Alleyne** issue in his petition for allowance of appeal to our Supreme Court in order to preserve it.

Unfortunately, for Moore, however, the trial court did not sentence Moore to a mandatory minimum sentence for either his robbery or conspiracy convictions. As the PCRA court explained:

> [T]his Court did not impose a mandatory minimum, but rather, a guideline range sentence tailored to the specific facts and circumstances of this case. More specifically, the record establishes that the Court "very carefully" considered [Moore's] presentence report as well as the sentencing guidelines prior to imposing sentence and expressly considered the nature and circumstances of [Moore's] offenses, the protection of the public, the gravity of the offenses, the character and condition of [Moore], including his utter lack of remorse, as well as his substantial criminal history. (**See** N.T., 11/04/11, pp. 5-18). Based on all these considerations, the Court found [Moore] to be a danger to society and greatly in need of rehabilitation. (**See id.** at 17). Thus, contrary to [Moore's] contention, the record demonstrates that the Court imposed a guideline-range sentence tailored to the specific facts and circumstances of this case. As such, [Moore's] underlying sentencing claim is without merit.

PCRA Court Opinion, 10/24/18, at 19.

Our review of the record supports the PCRA court's statement that, when acting as the trial court, it did not include a mandatory minimum when

imposing a sentence for Moore's robbery and conspiracy convictions. The PCRA court therefore correctly denied Moore's amended PCRA petition, and we affirm its order denying Moore post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 5/3/19