J-S37015-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| FREDERICK WILLIAMS, | : | |
| | : | |
| Appellant | : | No. 1520 EDA 2018 |

Appeal from the PCRA Order April 27, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0011484-2009

BEFORE: BOWES, J., KUNSELMAN, J., and FORD ELLIOTT, P.J.E.

JUDGMENT ORDER BY BOWES, J.:                     **FILED JULY 17, 2019**

Frederick Williams appeals from the order dismissing his untimely petition filed pursuant to the Post Conviction Relief Act ("PCRA"). We affirm.

Appellant was convicted by a jury of possession with intent to deliver a controlled substance. The trial court found by a preponderance of the evidence that a firearm was in close proximity to the controlled substance and sentenced Appellant to a mandatory minimum of five to ten years of incarceration. Appellant filed a timely, but unsuccessful, direct appeal challenging the sufficiency of the evidence and prosecutorial misconduct, and our Supreme Court denied his petition for allowance of appeal. Thus, Appellant's judgment of sentence became final on February 6, 2014.

Appellant filed a *pro se* PCRA petition on April 21, 2015, more than one year after his judgment of sentence became final. In an amended PCRA petition, appointed counsel argued that trial counsel was ineffective for failing

to preserve the mandatory sentencing issue for appellate review, but did not address timeliness. *See* Amended PCRA petition, 6/22/17, at 4. The Commonwealth responded that the petition was untimely and did not meet any exceptions to the one-year time bar. *See* Answer, 11/27/17, at 1-2. The PCRA court allowed Appellant the opportunity to address the issue of timeliness. *See* Order, 12/15/17, at 1. In his response, Appellant's counsel conceded that the petition was untimely and that none of the exceptions applied. *See* PCRA letter, 1/26/18, at 1. Appellant also admitted that *Commonwealth v. Washington*, 142 A.3d 810, 820 (Pa.Super. 2016), held that mandatory minimums are not subject to collateral review and that *Alleyne v. United States*, 570 U.S. 99 (2013) has not been made retroactive. *Id*. The PCRA court issued notice of its intent to dismiss the PCRA petition as untimely and Appellant did not file a response. The PCRA petition was dismissed and this timely appeal follows.

"Our standard of review of a PCRA court's dismissal of a PCRA petition is limited to examining whether the PCRA court's determination is supported by the record evidence and free of legal error." *Commonwealth v. Whitehawk*, 146 A.3d 266, 269 (Pa.Super. 2016). In order for a petition to be timely under the PCRA, it must be filed within one year of the date that the petitioner's judgment of sentence became final. 42 Pa.C.S. § 9545(b)(1). Appellant's petition, filed more than a year after his judgment of sentence became final, is patently untimely. Thus, unless Appellant pled and proved one of the three exceptions to the PCRA time-bar outlined in 42 Pa.C.S. §

- 2 -

9545(b)(1)(i-iii), we cannot address the claims he asserts therein. *Commonwealth v. Miller*, 102 A.3d 988, 992 (Pa.Super. 2014) ("[N]either this Court nor the trial court has jurisdiction over [an untimely] petition"); *see also Commonwealth v. Ruiz*, 131 A.3d 54, 58 (Pa.Super. 2015) ("*Alleyne* does not invalidate a mandatory minimum sentence when presented in an untimely PCRA petition").

Because Appellant failed to successfully plead or prove that he meets any of the exceptions to the PCRA time-bar,[1] the PCRA court properly concluded that his petition was untimely and it had no jurisdiction to address its merits. We therefore affirm the PCRA court's order.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 7/17/19

---

[1] On appeal, Appellant alleges that the PCRA court erred in dismissing the PCRA petition without a hearing because prior counsel was ineffective and caused Appellant to waive his claim regarding the constitutionality of the mandatory minimum sentence. Appellant's brief at 4. Again, Appellant fails to assert any exceptions to the PCRA time-bar. However, even if he had, we could not consider his argument since Appellant did not raise any exceptions to the PCRA time bar below. *Commonwealth v. Samuel*, 102 A.3d 1001, 1006 (Pa.Super. 2014).